# EXHIBIT B

Outlook

**Please Review: Reply to Yelisey email of 2/25/2025**

| | |
|---|---|
| **From** | John Bacon <johnbaconlaw@gmail.com> |
| **Date** | Tue 2/25/2025 4:47 PM |
| **To** | David Montanaro <dmontanaro@redsense.com>; Damian Miller <Dmiller@redsense.com> |

Greetings Yelisey – Thank you for your email.

The Company's acknowledgement of your decision to resign and dissociate from the Company's operations was duly authorized and supported by all eligible voting members. The members' position is well supported by the facts and the law. As a dissociated member, you have an ongoing fiduciary duty to the Company and its members under Wyoming law which you and the members have reviewed ad nauseum since a memo was transmitted to all members on January 29, 2025 providing all members with due notice of their obligations. The memo included the following summary information:

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

The Act provides protections for the Company and its Members as set forth in WS 17-29-409. Each member owes to the Company and the other members the fiduciary duties of loyalty and care. The duty of loyalty includes the duties:
 (i)       To account to the Company and to hold as trustee for it any property, profit or benefit derived by the member: (A) in the conduct or winding up of the Company's activities; (B) from a use by the member of the Company's property; or (C) from the appropriation of a Company opportunity;
(ii)      To refrain from dealing with the Company in the conduct or winding up of the Company's activities as or on behalf of a person having an interest adverse to the Company; and
(iii)     To refrain from competing with the Company in the conduct of the Company's activities before the dissolution of the Company.

A member shall discharge the duties and exercise any rights consistently with the contractual obligation of good faith and fair dealing. A member may commence a lawsuit against another member to enforce the member's rights and otherwise protect the member's interests, including rights under this chapter or arising independently of the membership relationship. W.S. 17-29-901.The Act provides protections for the Company and its Members as set forth in WS 17-29-409. Each member owes to the Company and the other members the fiduciary duties of loyalty and care. The duty of loyalty includes the duties:
 (i)       To account to the Company and to hold as trustee for it any property, profit or benefit derived by the member: (A) in the conduct or winding up of the Company's activities; (B) from a use by the member of the Company's property; or (C) from the appropriation of a Company opportunity;
(ii)      To refrain from dealing with the Company in the conduct or winding up of the Company's activities as or on behalf of a person having an interest adverse to the Company; and
(iii)     To refrain from competing with the Company in the conduct of the Company's activities before the dissolution of the Company.

A member shall discharge the duties and exercise any rights consistently with the contractual obligation of good faith and fair dealing. A member may commence a lawsuit against another member to enforce the



member's rights and otherwise protect the member's interests, including rights under this chapter or arising independently of the membership relationship. W.S. 17-29-901.

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

The Company stands ready and fully intends to continue to meet all of its obligations to its customers and other constituents.

You have chosen to refuse to perform essential services that you believe may affect Red Sense's delivery of services to its customers. You have delayed or refused to provide documentation of services rendered to customers, secreted Red Sense intellectual property and other assets to the detriment to the Company. You have refused to participate or attend meetings of the members called to address your performance and intentionally engaged in "quiet quitting" over the past several months. The Company has learned that you have today contacted Red Sense customers and may be relaying a disparaging narrative as to the circumstances leading up to your decision to withdraw your participation in the Company's professional service operations. These actions, amongst others, clearly breach your fiduciary duties to the Company and its members.

While the threat of litigation by, between or among members is not acceptable and might be viewed as a means to harass or intimidate. Your recent threats of legal action coupled with threats to contact customers to disparage the Company are much more serious than any impulsive outburst of the recent past and are clearly designed to irreparably harm the operations and business reputation of the Company.

You are hereby directed and demanded to cease and desist from all direct communications with Red Sense customers, members, employees or contractors and to have your attorney communicate directly with this office on all pertinent matters. Demand is further made that you and all agents of Affix Advisory,LLC (NJ) preserve all physical materials, non-identical copies of documents and electronic information (in native format and with all original metadata) that concern (i) your membership in Red Sense, (ii) the services you performed for Red Sense and it customers, (iii) any assets, including without limitation, any intellectual property, that you contributed to Red Sense in exchange for your member interest and/or that you participated in the development or creation of during the period of your membership with the Company, and (iv) any Company payments made to Affix Advisory, LLC or any other persons or entities under your supervision, direction or control. This demand to preserve evidence is made pursuant to and in anticipation that such materials shall be discoverable in a civil action but the demand is not limited  to the the scope of your obligations to preserve documents pursuant to the Federal Rules of Civil Procedure or any other state civeil procedure.

Red Sense and its voting eligible members reserve all rights.

John E. Bacon, Esquire
John Bacon Law
225 Victory Road
Quincy, MA 02171
617.480.6834

On Tue, Feb 25, 2025 at 3:15 PM Yelisey Bohuslavskiy <eliseydmitriev@gmail.com> wrote:

> Hello, this letter is entirely innacurate and false.
>
> My resignation was related to the role of the CRO, and not the role of the partner. These two roles are separate as it was shown on precidents of other partners having roles in other companies and not working full time at Red Sense. No punitive action has been taken against them. No action was also take against Stear when he informed the company of his resignation in July 2024.
>
> Red Sense has zero rights to deprive me from voting or operational rights. This is illegal and disruptive hostile takeover of the business aimed for normalizing the continious funds embezellment by executives.
>
> As a partner of Red Sense, I will be informing each customer about this illegal action tomorrow, as well as what lead to it. With all screenshots and evidence attached.
>
> The rest of these disputes will be handled in court. I will see you there.
>
>
> On Tue, Feb 25, 2025, 12:55 PM David Montanaro <dmontanaro@redsense.com> wrote:
>
>> Hello Yelisey,
>>
>> This will confirm your written resignation and withdrawal from Red Sense LLC (the "Company") without the consent of the other members. Your written expression or resignation constitutes your dissociation from Red Sense under the Wyoming LLC Act WS 17-29-101, et. seq. (the "Act"). As a consequence of your resignation and dissociation, you shall no longer participate in the operations of the Company or have any voting rights in the management of the Company.
>>
>>
>> The Company denies any of the allegations of wrongdoing set forth in your written resignation or any of your recent email transmissions.
>>
>>
>> The Company is continuing its investigation into your actions and secretive business practices that may constitute breaches of the fiduciary duty and care that you owe the Company under the Act.

3/12/25, 8:53 AM                    Please Review Reply to Yelisey email of 2/25/2025 - Damian Midge Outlook
Case 2:25-cv-12281-EP-AME    Document 1-3    Filed 06/27/25    Page 5 of 7 PageID: 89
                                              EXHIBIT B

As a reminder you have an obligation to the Company and the other partners of good faith and fair dealing and you must account for as a trustee for all Company property in your possession, custody or control including all data and intellectual property assets contributed to the Company and those created by you and your team. You may not use any of the Company's assets for your own benefit. You are prohibited under the Act from competing with the Company, appropriating any opportunity available to the Company, or hiring or soliciting any customers, employees or independent contractors that are employed by or engaged with the Company.

Please take care to comply with these legal requirements.

Regards,

Dave

_____

David Montanaro
Chief Executive Officer

w: redsense.com
e: dmontanaro@redsense.com
m: +1 (508) 878-5723

t:  +1 (617) 702-6102
l:  Boston, MA



**From:** Yelisey Bohuslavskiy <ybohuslavskiy@redsense.com>
**Sent:** Monday, February 24, 2025 4:49 PM
**To:** David Montanaro <dmontanaro@redsense.com>; Kevin Stear <kstear@redsense.com>; bvansickle iq-share.com <bvansickle@iq-share.com>
**Cc:** Igor Dmitriev <idmitriev@redsense.com>; gdigora@gmail.com
**Subject:** Information Notice for RedSense Partners

Hello,

EXHIBIT B PAGE 4

EXHIBIT B

This is an official notice from the management of the RedSense Intelligence Team:

- Yelisey Bohuslavskiy – Chief Research Officer, Head of Intelligence

- Igor Dmitriev – Strategic Manager, Head of Engineering

Due to the unilateral and arbitrary use of company finances by the CEO—actions we perceive as coercion against our subordinates—as well as breaches of signed contracts and unresolved financial disputes, we are formally resigning from our respective roles. (Resignation letters are attached.)

Should RedSense wish to continue working with us and our team, all future engagements must be conducted through a vendor agreement between RedSense and Affix Advisory.

- A Master Services Agreement (MSA) will govern the relationship between RedSense and the engineering team, including Igor Dmitriev.

- A separate MSA for CRO services will determine the relationship between RedSense and Yelisey Bohuslavskiy.

These agreements maintain the same budget and fund allocation previously designated for payments to the five team members, ensuring the following obligations are met:

- Payments to engineers

- Payment to the Strategic Manager

- Payment to the CRO

- All outstanding payments for work performed since January 1, 2025

- Withheld AdvIntel bonus payments, which constitute a direct breach of the partnership agreement

- Minimal operational spending costs

Should RedSense wish to engage under these new terms, it must first commit to settling all outstanding payments, including February 2025 payments for the engineering team, Igor Dmitriev, and Yelisey Bohuslavskiy, no later than Friday, February 28, 2025.

If RedSense does not provide a clear response indicating agreement or disagreement by 11:00 AM ET on Wednesday, February 26, 2025, Affix Advisory will consider this a rejection of the proposal. In that case, Affix Advisory will directly notify all current and prospective customers that, effective 11:00 AM ET on February 26, all intelligence services previously provided by the intel team will now be delivered exclusively through Affix Advisory.

EXHIBIT B PAGE 5

3/12/25, 8:53 AM Case 2:25-cv-12281-EP-AME Please Review Reply to Yelisey email id 2/5/2025 - Damian Finnegan Outlook Document 1-3 Filed 06/27/25 Page 7 of 7 PageID: 91

EXHIBIT B

Kind Regards,

**Yelisey Bohuslavskiy**

**Chief Research Officer**

w: redsense.com

e: ybohuslavskiy@redsense.com

t: +1 (202) 751-9957

LinkedIn

l: New York City, NY

