UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Red Sense LLC<br><br>   Plaintiff,<br><br> v.<br><br>Yelisey Bohuslavskiy,<br>a.k.a. Elisei Boguslavskii<br><br>   Defendant. | Civil Action No. 2:25-cv-12281<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF REDSENSE LLC'S MOTION FOR PRELIMINARY INJUNCTION** |

  Plaintiff Red Sense LLC ("RedSense") has filed a Complaint for injunctive and other relief, asserting claims for False Advertising under the Lanham Act, 15 U.S.C. § 1125, Tortious Interference with Contractual Relations, Tortious Interference with Prospective Contract, Trade Secret Misappropriation under the Defend Trade Secret Act, 18 U.S.C. § 1836 *et seq.*, Fraud, Conversion, Unjust Enrichment, Declaratory Relief pursuant to 22 U.S.C. § 2201, and Breach of Fiduciary Duty. Pursuant to its claims for False Advertising, Tortious Interference with Contractual Relations, and Tortious Interference with Prospective Contract, RedSense is seeking a Preliminary Injunction against Defendant Yelisey Bohuslavskiy ("Bohuslavskiy") to enjoin Bohuslavskiy's conduct in launching a smear campaign against RedSense to usurp the RedSense customer relationships.

Before the Court is RedSense's Motion for a Preliminary Injunction (the "Motion"). Upon consideration of the Motion and having reviewed the papers, declarations, exhibits, and memorandum filed in support of the Motion, the Court hereby makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. This Court has jurisdiction over the subject of this case and there is good cause to believe that it will have jurisdiction over all parties hereto; the Complaint states claims upon which relief may be granted against Defendant Yelisey Bohuslavskiy for False Advertising under the Lanham Act, 15 U.S.C. § 1125, Tortious Interference with Contractual Relations, Tortious Interference with Prospective Contract, Trade Secret Misappropriation under the Defend Trade Secret Act, 18 U.S.C. § 1836 *et seq.*, Fraud, Conversion, Unjust Enrichment, Declaratory Relief pursuant to 22 U.S.C. § 2201, and Breach of Fiduciary Duty.

2. This Court has personal jurisdiction over Bohuslavskiy as he is a resident of Guttenberg, New Jersey.

3. There is good cause to believe that Bohuslavskiy has engaged in and is likely to continue to engage in acts or practices that violated the Lanham Act (15 U.S.C. § 1125) and constitute the common law torts of tortious interference with contractual relations and tortious interference with prospective contract.

4. There is good cause to believe that, unless Bohuslavskiy is restrained and enjoined by Order of this Court, immediate and irreparable harm will result from Bohuslavskiy's ongoing violations of the Lanham Act (15 U.S.C. § 1125) and the common law torts of tortious interference with contractual relations and tortious interference with prospective contract.

5. The evidence set forth in RedSense's Motion the accompanying declarations and exhibit, demonstrates that RedSense is likely to prevail on its claim that Bohuslavskiy has engaged in violations of the foregoing laws by: (1) publicly disparaging RedSense due to vague allegations of "ethical issues" for the purpose of enticing RedSense customers to seek his cybersecurity services instead of RedSense's; (2) engaging in a rampant campaign of contacting existing and potential RedSense customers directly to encourage the customers to forego their current or prospective relationship with RedSense; (3) stating or implying to current or prospective customers that RedSense is ill-equipped to manage the customer relationship or provide the high-quality services that the customers contracted for; (4) stating or implying to current or prospective customers that RedSense has not complied with its obligations under its customer contracts, by continuing to use, misuse, and leverage the RedSense name, brand, and reputation to lend credibility to Bohuslavskiy all while advertising his personal ability to do what RedSense "could not"—meet customers' needs and fulfil the contractual obligations; (5)

stating or implying to current or prospective customers that only he and his team could provide unique tools that RedSense could not; (6) presenting his services not as an alternative to RedSense's offering but as a "seamless" continuation of existing services; (7) misrepresenting the nature, characteristics, or qualities of RedSense threat intelligence services; (8) acting with the purpose of deceiving the target customer audience into believing that RedSense cannot provide innovative solutions, cannot meet obligations, and cannot adequate service the customer relationship; (9) causing RedSense to suffer a loss of customer loyalty and trust; (10) sending internal RedSense communications to key points of contacts for RedSense customer relationships for the purpose of airing out Bohuslavskiy's internal dispute with RedSense to someone integral to the customer relationship and sowing doubt about the relationship; (11) causing customer confusing and doubt, which in turn has caused interference with relationships RedSense has with existing and prospective customers; (12) inducing RedSense customers to breach their agreements with RedSense and soliciting their business directly, (13) using and misusing RedSense proprietary information, including misappropriating RedSense trade secret information to improperly compete with RedSense by having a blueprint of unique customers' needs Bohuslavskiy can leverage to gain the relationship through ill-gotten means; (14) targeting RedSense's largest and most strategically important customers to cause the most harm to RedSense, (15) causing RedSense customers to

spend considerable time, effort, and resources to deal with these unwanted communications from Bohuslavskiy, (16) causing RedSense customers to mistakenly believe that the communications from Bohuslavskiy are a result of Bohuslavskiy or RedSense being compromised by cybercriminal threat actors, which in turn further erodes the trust RedSense had in the industry, (17) absconding with key, innovative technology that belongs to RedSense (and was already previewed to its customers), such that Bohuslavskiy has caused RedSense to be unable deliver on its promise to offer these solutions to customers, (18) shutting out RedSense leadership and employees out of key customer meetings prior to Bohuslavskiy's resignation to distance RedSense from the customer points of contact to better disrupt the relationship upon his departure from RedSense; (19) holding himself out as a representative or current partner of RedSense despite his proclamations that he has resigned; and (20) speaking at industry events attended by RedSense customers where he purports to speak as a representative of or on behalf of RedSense.

      6.     Based on the evidence cited in RedSense's Motion and accompanying declarations and exhibits, RedSense is likely to be able to prove that Bohuslavskiy is engaged in conduct that directly violates U.S. law and harms RedSense, specifically that (1) Bohuslavskiy had made false or misleading statement about RedSense's cybersecurity services and threat intelligence offerings; (2)

Bohuslavskiy actually deceived or intended to deceive RedSense's current and prospective customers; (3) Bohuslavskiy's deception is material and is likely to influence purchasing decisions of customers choosing a provider for its cybersecurity needs; (4) the advertised services, which include providing threat intelligence and cybersecurity services to companies throughout the United States involves interstate commerce; (5) there is a likelihood that this has caused injury to RedSense as customers have expressed confusion and concern over Bohuslavskiy's conduct, have become nonresponsive to RedSense, have delayed payments to RedSense, have asked RedSense to resolve its dispute with Bohuslavskiy, or have (for the first time) raised questions about the quality of RedSense's services; (6) Bohuslavskiy has intentionally engaged in conduct designed to interfere with and ruin RedSense's current customer relationships in retribution for his grievances with RedSense and has caused such interference; (7) Bohuslavskiy has intentionally engaged in conduct designed to interfere with and ruin RedSense's relationships with prospective customers in retribution for his grievances with RedSense and has caused such interference; and (8) RedSense has suffered reputational damage and a loss of goodwill as a result of Bohuslavskiy's actions.

7.   There is good cause to believe that RedSense has already suffered irreparable harm to its reputation, goodwill, branding, customer relationships, and

customer trust based on Bohuslavskiy's acts, and that if such conduct continues, RedSense will suffer further irreparable harm.

8.   There is good cause to believe that Bohuslavskiy is engaging and will continue to engage in such unlawful actions if not immediately restrained from doing so by Order of this Court. Based on the threats made prior to his resignation, his refusal to cease his conduct despite numerous demands, and his continued actions to date, there is good cause to believe that Bohuslavskiy will not cease such violations of law unless he is enjoined by this Court from engaging in such conduct.

9.   There is good cause to believe that the harm to RedSense of denying the relief requested in its Motion outweighs any harm to any legitimate interests of Bohuslavskiy, and that there is no undue burden to any third party.

## **PRELIMINARY INJUNCTION ORDER**

**IT IS HEREBY ORDERED** that:

1.   Plaintiff's Motion for a Preliminary Injunction is GRANTED;

2.   Defendant Yelisey Bohuslavskiy, his representatives, or anyone who is authorized to act on his behalf is PRELIMINARILY ENJOINED from: (1) publicly or privately soliciting RedSense's current customers and prospective customers for business; (2) publicly or privately denigrating the quality of RedSense's cybersecurity services; (3) publicly or privately using RedSense proprietary or trade secret information or RedSense property that rightfully belongs to RedSense (but

that Bohuslavskiy has absconded with) to improperly compete with RedSense; (4) publicly or privately making false statements about RedSense, its products and services for the purpose of stealing the business away from RedSense; (5) publicly or privately making false statements about RedSense not honoring its customer contracts; (6) holding himself out as a representative of RedSense or as someone who is authorized to act on behalf of RedSense at industry events or via other public platforms; and (7) engaging in speaking engagements where he purports to speak as a representative of or on behalf of RedSense.

3. Parties shall maintain the status quo until the completion of legal proceedings before this Court, or upon further order of the Court which may be before the completion of such legal proceedings.

**IT IS SO ORDERED** this _____ day of _____, 2025.

_____
THE HONORABLE JUDGE EVELYN PADIN
UNITED STATES DISTRICT JUDGE