# IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RED SENSE LLC, a Wyoming limited liability company, | Case no.: **2:25-cv-12281-EP-AME** |
| *Plaintiff/Counter-defendant*, | |
| *v.* | **ANSWER, COUNTERCLAIM, THIRD-PARTY COMPLAINT, SEPARATE DEFENSES, AND <u>DEMAND FOR JURY TRIAL</u>** |
| YELISEY BOHUSLAVSKIY, *a/k/a* Elisei Boguslavskii, | |
| *Defendant/Counterclaimant.* | |
| YELISEY BOHUSLAVSKIY, | |
| *Third-Party Plaintiff,* | |
| *v.* | |
| DAVID MONTANARO and KEVIN STEAR, | |
| *Third-Party Defendants.* | |

THE DEFENDANT YELISEY BOHUSLAVSKIY ("Bohuslavskiy" or "Defendant"), having a street address of 7000 JFK Boulevard East #42D, in the Town of Guttenberg, State of New Jersey; by way of answer to the Complaint and Demand for Jury Trial (the "Complaint") (ECF doc. no. 1) filed June 27, 2025 by the plaintiff Red Sense LLC ("Plaintiff" or "RedSense"), a Wyoming limited liability company, hereby respectfully avers and SAYS:

### <u>AS TO THE INTRODUCTION</u>

1.     Defendant objects to Plaintiff's lengthy narrative in violation of Fed. R. Civ. P. 8(a)(2); ADMITS in part that he resigned as Plaintiff's Chief Research Officer ("CRO") on or about February 24, 2025, and that following said resignation used a personal electronic mail

address due to his blocked access on his corporate Red Sense e-mail; the remainder of the allegations of paragraph 1 are DENIED.

2.    Defendant objects to Plaintiff's lengthy narrative[1] in violation of Fed. R. Civ. P. 8(a)(2); ADMITS in part that he communicated that he had resigned as CRO; Defendant lacks knowledge or information sufficient to form a belief about the truth of an allegations as what was in customers' minds or their communications with Plaintiff; to any extent some further response may be required, the remaining allegations and characterizations of paragraph 2 are DENIED.

3.    Defendant ADMITS in part that Plaintiff made a cease-and-desist command; the remaining allegations of paragraph 3 are DENIED.

4.    Defendant objects to Plaintiff's lengthy narrative in violation of Fed. R. Civ. P. 8(a)(2); ADMITS in part that he communicated with clients, personally and professionally, and that he had served as CRO (without admitting to Plaintiff's characterization of his responsibilities); Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's alleged "investigation"; the remaining allegations and characterizations of paragraph 4 are DENIED.

5.    Defendant objects to Plaintiff's lengthy narrative in violation of Fed. R. Civ. P. 8(a)(2); lacks knowledge or information sufficient to form a belief about the truth about what Plaintiff was aware of or Plaintiff's alleged "investigation"; the remaining allegations and characterizations of paragraph 5 are DENIED.

---

[1]    "[A] lengthy and rambling complaint which contains little more than demands, charges, and conclusions. The complaint is not a short and plain statement of the case and flagrantly violates Fed. R. Civ. P.  8. On this ground alone, the complaint may be dismissed." *Burton v. Peartree*, 326 F. Supp. 755, 758-59 (E.D. Pa. 1971).

6.    The allegations of paragraph 6 comprise a statement or conclusion of law or characterization of a document that speaks for itself, requiring no response; to any extent some further response may be required, the remaining allegations and characterizations of paragraph 6 are DENIED.

## AS TO THE PARTIES

7.    Defendant ADMITS Plaintiff's domicile and business address; the remaining allegations and characterizations of paragraph 7 are DENIED.

8.    The allegations of paragraph 8 are ADMITTED.

## AS TO JURISDICTION AND VENUE

9.    The allegations of paragraph 9 comprise a statement or conclusion of law or characterization of a document that speaks for itself, requiring no response; to any extent some further response may be required, Defendant refers questions of law to the Court.

10.    As to the allegations of paragraph 10, Defendant ADMITS is in part that he is a resident of New Jersey; Defendant refers questions of law to the Court, as it asks for legal conclusion.

11.    The allegations of paragraph 11 comprise a statement or conclusion of law requiring no response; to any extent some further response may be required, Defendant refers questions of law to the Court.

## AS TO PLAINTIFF'S GENERAL ALLEGATIONS

**A. RedSense's Business**

12.    The allegations of paragraph 12, Defendant ADMITS in part that Plaintiff is in the cyber-threat intelligence ("CTI") business; the remaining allegations and characterizations of paragraph 12 are DENIED.

13.     Defendant objects to Plaintiff's lengthy narrative in violation of Fed. R. Civ. P. 8(a)(2); Defendant ADMITS the CTI market is competitive and important to customers; the remaining allegations and characterizations of paragraph 13 are DENIED as pleaded.

14.     Defendant objects to Plaintiff's lengthy narrative in violation of Fed. R. Civ. P. 8(a)(2); Defendant ADMITS in part that reputation is important in the CTI market (and others); the remaining allegations and characterizations of paragraph 14 are DENIED as pleaded.

15.     Defendant ADMITS in part Plaintiff's participation in the Cybersecurity and Infrastructure Security Agency ("CISA") due to his efforts, not Plaintiff's, and that Systems and Organization Controls 2 ("SOC 2") is a security protocol; the remaining allegations and characterizations of paragraph 15 are DENIED as pleaded.

**B.  Bohuslavskiy's Involvement with RedSense**

16.     Defendant lacks knowledge or information sufficient to form a belief about the truth regarding whatever David Montanaro ("Montanaro") or Michael Zieger ("Zeiger") believed in December of 2022; the remaining allegations and characterizations of paragraph 16 are ADMITTED.

17.     The allegations of paragraph 17 are ADMITTED, in part; that "the existing Partners . . . executed the RedSense / . . .Onboarding Agreement" conflicts with Exhibit "A" to the Complaint which is unsigned by Zeiger who alone was to sign "acting on behalf of all "**Founders**" and is thus DENIED, as pleaded.

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth regarding what "RedSense understood" as Exhibit "A" does not define "'in kind' funding" (and was not Boguslavski's understanding as a partner); that Bohuslavskiy was an AdvIntel co-founder and that AdvIntel had ceased operations prior to the founding of RedSense is DENIED; the

remaining allegations and characterizations of paragraph 18 comprise a statement or conclusion of law or characterize a document that speaks for itself, requiring no response; to any extent some further response may be required, the remaining allegations and characterizations of paragraph 18 are DENIED, and Defendant refers questions of law to the Court.

19.      Defendant objects to Plaintiff's lengthy narrative in violation of Fed. R. Civ. P. 8(a)(2); Defendant lacks knowledge or information sufficient to form a belief about the truth regarding what "RedSense anticipated"; the remaining allegations and characterizations of paragraph 19 comprise a statement or conclusion of law or characterize a document that speaks for itself, requiring no response; to any extent some further response may be required, the remaining allegations and characterizations of paragraph 19 are DENIED, and Defendant refers questions of law to the Court.

20.      The allegations of paragraph 20 are ADMITTED.

21.      Defendant lacks knowledge or information sufficient to form a belief about the truth regarding "what the partners of RedSense expected" or "other partners understood" or what "it appeared" and to whom regarding reports; that there was a "representation and warranty provided by Bohuslavskiy" is DENIED; the remaining allegations and characterizations of paragraph 21 comprise a statement or conclusion of law or characterize a document that speaks for itself, requiring no response; to any extent some further response may be required, the remaining allegations and characterizations of paragraph 21 are DENIED, and Defendant refers questions of law to the Court.

22.      Defendant lacks knowledge or information sufficient to form a belief about the truth regarding what "current RedSense partners" did or did not have reason to feel or do; the remaining allegations and characterizations of paragraph 22 are DENIED.

### C.  Bohuslavskiy's Responsibilities as RedSense Chief Research Officer

23.    Defendant ADMITS in part that he was RedSense's CRO; the remaining allegation of paragraph 23 are DENIED.

24.    The allegations of paragraph 24 are ADMITTED, in part; the work described commencing in or about March 2023 was part of the in-kind funding arrangement; the remaining allegations and characterizations of paragraph 24 are DENIED.

25.    Defendant lacks knowledge or information sufficient to form a belief about the truth regarding "what was anticipated" or by whom; Defendant ADMITS Dmitriev "did or did not have reason to feel or do"; the remaining allegations and characterizations of paragraph 22 are DENIED.

### D.  Bohuslavskiy's Access to RedSense's Confidential and Trade Secret Information

26.    Defendant objects to Plaintiff's lengthy narrative in violation of Fed. R. Civ. P. 8(a)(2); Defendant lacks knowledge or information sufficient to form a belief about the truth regarding what "other partners of RedSense believed"; the remaining allegations and characterizations of paragraph 26 are DENIED, including what allegedly "RedSense considers to be trade secret".

27.    The allegations and characterizations of paragraph 27 are DENIED.

28.    The allegations and characterizations of paragraph 28 are DENIED.

### E.  Bohuslavskiy Fails to Deliver Work Product That RedSense Paid For

29.    Defendant objects to Plaintiff's lengthy narrative in violation of Fed. R. Civ. P. 8(a)(2); Defendant ADMITS in part that RedSense makes some use of third-party software from GitHub, Inc, a subsidiary of Microsoft Corp.; the remaining allegations and characterizations of paragraph 29 are DENIED.

30.     Defendant lacks knowledge or information sufficient to form a belief about the truth of what "RedSense socialized [sic]", what "feedback from customers" (and what customers) causes Plaintiff to believe about customers' perceptions or Plaintiff's belief about Defendant's knowledge; the remaining allegations and characterizations of paragraph 30 are DENIED.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of what "source code [may be] related to AIDIS" as, by its nature, there is no source code for AIDIS; the remaining allegations and characterizations of paragraph 31 are DENIED.

32.     The allegations and characterizations of paragraph 32 are DENIED.

33.     Defendant lacks knowledge or information sufficient to form a belief about the truth of what "led other partners of RedSense to conclude" or "prompted RedSense to" do anything; the remaining allegations and characterizations of paragraph 33 are DENIED.

**F.  RedSense Discovers Evidence of Improper Invoicing by Bohuslavskiy**

34.     Defendant objects to Plaintiff's lengthy narrative in violation of Fed. R. Civ. P. 8(a)(2) and further as to what is "possible"; Defendant lacks knowledge or information sufficient to form a belief about the truth regarding what may have been "the expected amount" and by whom; the remaining allegations and characterizations of paragraph 34 are DENIED.

35.     Defendant ADMITS in part that invoices and payments were made through Affix; the remaining allegations and characterizations of paragraph 35 are DENIED.

36.     Defendant ADMITS in part that freelance staff were engaged; the remaining allegations and characterizations of paragraph 36 are DENIED.

37.     The allegations and characterizations of paragraph 37 are DENIED.

38.     Defendant ADMITS in part that RedSense paid for access to the Pyrus management system; the remaining allegations and characterizations of paragraph 38 are DENIED.

### G.  Bohuslavskiy Refuses to Participate in the Operation of RedSense, Disclaims His Duties, and Resigns.

39.    The allegations and characterizations of paragraph 39 are DENIED.

40.    Defendant ADMITS in part that there was an e-mail on or about January 23, 2025, followed by a meeting of RedSense partners convened on or about February 6, upon information and belief; the remaining allegations and characterizations of paragraph 40 are DENIED.

41.    The allegations and characterizations of paragraph 41 are DENIED.

42.    The allegations and characterizations of paragraph 42 are DENIED.

43.    Defendant lacks knowledge or information sufficient to form a belief about the truth regarding the alleged "asset inventory" and by whom; the remaining allegations and characterizations of paragraph 43 are DENIED.

44.    Defendant ADMITS in part he conditionally cautioned certain persons about signing a confidential information and invention assignment ("CIIA") agreement; the remaining allegations and characterizations of paragraph 44 are DENIED.

45.    Defendant ADMITS in part that he had several communications with Montanaro at this time frame; the remaining allegations and characterizations of paragraph 45 are DENIED.

46.    Defendant ADMITS in part he resigned his title as Chief Resource Officer ("CRO") on or about the time alleged; the remaining allegations and characterizations of paragraph 46 are DENIED.

47.    Defendant lacks knowledge or information sufficient to form a belief about the truth regarding what "cyber incident" is alleged or the bases for Plaintiff's other speculation; the remaining allegations and characterizations of paragraph 47 are DENIED.

48.    The allegations and characterizations of paragraph 48 are DENIED.

49.     The allegations of paragraph 49 include characterization of a document that speaks for itself, requiring no response; to any extent some further response may be required, the remaining allegations and characterizations of paragraph 49 are DENIED.

### H.  Bohuslavskiy Launches Smear Campaign Repeatedly Disparaging RedSense to Its Existing and Prospective Customers.

50.     The allegations and characterizations of paragraph 50 are DENIED.

51.     The allegations of paragraph 51 include characterization of a document (or documents) that speaks for itself, requiring no response; Defendant ADMITS in part to contacting certain clients as a member of RedSense regarding imminent cyber-threats; the remaining allegations and characterizations of paragraph 51 are DENIED.

52.     The allegations of paragraph 52 include characterization of a document (or posting) that speaks for itself, requiring no response; Defendant ADMITS in part to post on LinkedIn about his resignation as CRO and reason therefor; the remaining allegations and characterizations of paragraph 52 are DENIED.

53.     The allegations of paragraph 53 include characterization of a document that speaks for itself, requiring no response; Defendant ADMITS in part to the receiving of the letter; the remaining allegations and characterizations of paragraph 53 are DENIED.

54.     The allegations and characterizations of paragraph 54 are DENIED.

55.     The allegations of paragraph 55 include characterization of a document (or documents) that speaks for itself, requiring no response; Defendant ADMITS in part to contact certain clients as a member of RedSense regarding imminent cyber-threats; the remaining allegations and characterizations of paragraph 55 are DENIED.

56.     Defendant objects to Plaintiff's lengthy narrative in violation of Fed. R. Civ. P. 8(a)(2); Defendant ADMITS in part communicating via his personal electronic mail address,

having been blocked from his partnership account; the remaining allegations and characterizations of paragraph 56 are DENIED.

57.    The allegations and characterizations of paragraph 57 are DENIED.

58.    The allegations and characterizations of paragraph 58 are DENIED.

**I.  RedSense Attempts to Resolve Dispute Amicably with Bohuslavskiy; Bohuslavskiy Refuses.**

59.    The allegations of paragraph 59 include characterization of a document (or documents) that speaks for itself, requiring no response; the remaining allegations and characterizations of paragraph 59 are DENIED.

60.    The allegations of paragraph 60 include characterization of a document (or documents) that speaks for itself, requiring no response; Defendant ADMITS in part questioning the authorization to retain, and potential conflict of Crowell, in the initiation of suit against a RedSense partner under Wyoming law; the remaining allegations and characterizations of paragraph 60 are DENIED.

61.    The allegations of paragraph 61 comprise a statement or conclusion of law requiring no response, questions of law being referred to the Court; to any extent some further response may be required, the remaining allegations and characterizations of paragraph 61 are DENIED.

62.    Defendant objects to Plaintiff's lengthy narrative in violation of Fed. R. Civ. P. 8(a)(2), and further to "[t]his admission from Bohuslavskiy" as incomprehensible, with no antecedent reference; the remaining allegations and characterizations of paragraph 62 are DENIED.

63.    Defendant objects to Plaintiff's lengthy narrative in violation of Fed. R. Civ. P. 8(a)(2); the allegations of paragraph 63 include characterization of a document (or documents) that

speaks for itself, requiring no response; Defendant ADMITS in part questioning the authorization to retain, and potential conflict of Crowell, in the initiation of initiate suit against a RedSense partner under Wyoming law; the remaining allegations and characterizations of paragraph 63 are DENIED.

64.     The allegations of paragraph 64 include characterization of a document that speaks for itself, and a statement or conclusion of law requiring no response, questions of law being referred to the Court; the remaining allegations and characterizations of paragraph 64 are DENIED.

65.     The allegations of paragraph 65 include characterization of a document that speaks for itself, the remaining allegations and characterizations of paragraph 65 are DENIED.

66.     The allegations and characterizations of paragraph 66 are DENIED.

<u>**AS TO CLAIMS FOR RELIEF**</u>

**As to the First Cause of Action – False Advertising
n Violation of the Lanham Act (15 U.S.C. § 1125)**

67.     Defendant repeats and re-alleges each and every response to the preceding paragraphs as if set forth fully herein.

68.     The allegations and characterizations of paragraph 68 are DENIED.

69.     The allegations and characterizations of paragraph 69 are DENIED.

70.     The allegations and characterizations of paragraph 70 are DENIED.

71.     The allegations and characterizations of paragraph 71 are DENIED.

72.     The allegations and characterizations of paragraph 72 are DENIED.

73.     The allegations and characterizations of paragraph 73 are DENIED.

74.    Defendant ADMITS in part that CTI services in the United States typically involve interstate commerce; the remaining allegations and characterizations of paragraph 74 are DENIED.

75.    The allegations and characterizations of paragraph 75 are DENIED.

76.    The allegations and characterizations of paragraph 76 are DENIED.

77.    The allegations and characterizations of paragraph 77 are DENIED.

78.    The allegations and characterizations of paragraph 78 are DENIED.

**As to the Second Cause of Action – Tortious Interference with Contract**

79.    Defendant repeats and re-alleges each and every response to the preceding paragraphs as if set forth fully herein.

80.    The allegations of paragraph 80 are ADMITTED, upon information and belief, however Defendant lacks knowledge or information sufficient to form a belief about the truth regarding whether those relationships were still "maintain[ed]" as of the filing date of the Complaint.

81.    The allegations of paragraph 81 are ADMITTED; however, the inclusion was inadvertent, and Defendant apologized.

82.    The allegations and characterizations of paragraph 82 are DENIED.

83.    The allegations of paragraph 83 are ADMITTED in part, in that Defendant had conversations with customers; the remaining allegations and characterizations are DENIED.

84.    The allegations and characterizations of paragraph 84 are DENIED.

85.    The allegations and characterizations of paragraph 85 are DENIED.

86.    The allegations and characterizations of paragraph 86 are DENIED.

87.    The allegations and characterizations of paragraph 87 are DENIED.

88.     The allegations and characterizations of paragraph 88 are DENIED.

89.     Defendant lacks knowledge or information sufficient to form a belief about the truth regarding what the named client may have recently expressed; to any extent some further response may be required, the remaining allegations and characterizations of paragraph 89 are DENIED.

90.     The allegations and characterizations of paragraph 90 are DENIED.

91.     Defendant lacks knowledge or information sufficient to form a belief about the truth regarding what the named client may have recently communicated to Plaintiff; the remaining allegations and characterizations of paragraph 91 are DENIED.

92.     The allegations and characterizations of paragraph 92 are DENIED.

93.     Defendant objects to Plaintiff's lengthy narrative in violation of Fed. R. Civ. P. 8(a)(2); ADMITS in part that the named client was or "is another customer of RedSense", and upon information and belief offered the sound advice that RedSense "needs to 'work it out with Bohuslavskiy'"; the remainder of the allegations and characterizations of paragraph 93 are DENIED.

94.     Defendant ADMITS in part that the named client was or "is another RedSense customer"; the remainder of the allegations and characterizations of paragraph 94 are DENIED.

95.     The allegations of paragraph 95 are ADMITTED.

96.     The allegations of paragraph 96 are ADMITTED.

97.     Defendant objects to Plaintiff's lengthy narrative in violation of Fed. R. Civ. P. 8(a)(2); ADMITS in part that he spoke at a Health-ISAC presentation; Defendant lacks knowledge or information sufficient to form a belief about the truth regarding what Plaintiff may have learned on June 24, 2025 or how; the remainder of the allegations and characterizations of paragraph 97 are DENIED.

98.    The allegations and characterizations of paragraph 98 are DENIED.

**As to the Third Cause of Action – Tortious Interference with Future Economic Advantage**

99.    Defendant repeats and re-alleges each and every response to the preceding paragraphs as if set forth fully herein.

100.    The allegations and characterizations of paragraph 100 are DENIED.

101.    The allegations and characterizations of paragraph 101 are DENIED.

102.    The allegations and characterizations of paragraph 102 are DENIED.

103.    Defendant lacks knowledge or information sufficient to form a belief about the truth regarding what the named client may have recently communicated to Plaintiff; the remaining allegations and characterizations of paragraph 103 are DENIED.

104.    The allegations and characterizations of paragraph 104 are DENIED.

**As to the Fourth Cause of Action – Violation of the Defend Trace Secrets Act (18 U.S.C. §§ 1836, *et seq.*)**

105.    Defendant repeats and re-alleges each and every response to the preceding paragraphs as if set forth fully herein.

106.    The allegations and characterizations of paragraph 106 are DENIED.

107.    The allegations and characterizations of paragraph 107 are DENIED.

108.    The allegations and characterizations of paragraph 108 are DENIED.

109.    The allegations and characterizations of paragraph 109 are DENIED.

110.    The allegations and characterizations of paragraph 110 are DENIED.

111.    The allegations and characterizations of paragraph 111 are DENIED.

**As to the Fifth Cause of Action – Fraud**

112.    Defendant repeats and re-alleges each and every response to the preceding paragraphs as if set forth fully herein.

113.    The allegations of paragraph 113 are ADMITTED in part, that Defendant was "was [and is] a partner of RedSense" with commensurate authority; the remaining allegations and characterizations of paragraph 113 are DENIED as pleaded.

114.    The allegations of paragraph 114 are ADMITTED in part, that Plaintiff made some payments and that Defendant approved some invoices for EasyStaff; the remaining allegations and characterizations of paragraph 114 are DENIED as pleaded.

115.    The allegations and characterizations of paragraph 115 are DENIED.

116.    The allegations and characterizations of paragraph 116 are DENIED.

117.    The allegations and characterizations of paragraph 117 are DENIED.

118.    The allegations and characterizations of paragraph 118 are DENIED.

119.    The allegations and characterizations of paragraph 119 are DENIED.

120.    The allegations and characterizations of paragraph 120 are DENIED.

121.    The allegations and characterizations of paragraph 121 are DENIED.

122.    The allegations and characterizations of paragraph 122 are DENIED.

123.    The allegations and characterizations of paragraph 123 are DENIED.

124.    The allegations and characterizations of paragraph 124 are DENIED.

**As to the Sixth Cause of Action – Conversion**

125.    Defendant repeats and re-alleges each and every response to the preceding paragraphs as if set forth fully herein.

126.    The allegations and characterizations of paragraph 126 are DENIED.

127.    The allegations and characterizations of paragraph 127 are DENIED.

128.    The allegations and characterizations of paragraph 128 are DENIED.

129.    The allegations and characterizations of paragraph 129 are DENIED.

130.    The allegations and characterizations of paragraph 130 are DENIED.

131.    The allegations and characterizations of paragraph 131 are DENIED.

132.    The allegations and characterizations of paragraph 132 are DENIED.

133.    The allegations and characterizations of paragraph 133 are DENIED.

**As to the Seventh Cause of Action – Unjust Enrichment**

134.    Defendant repeats and re-alleges each and every response to the preceding paragraphs as if set forth fully herein.

135.    The allegations and characterizations of paragraph 135 are DENIED.

136.    The allegations and characterizations of paragraph 136 are DENIED.

137.    The allegations and characterizations of paragraph 137 are DENIED.

138.    The allegations and characterizations of paragraph 138 are DENIED.

139.    The allegations and characterizations of paragraph 139 are DENIED.

140.    The allegations and characterizations of paragraph 140 are DENIED.

141.    The allegations and characterizations of paragraph 141 are DENIED.

**As to the Eighth Cause of Action – The Onboarding Agreement Is Void and Unenforceable as to Bohuslavskiy Due to a Lack of Consideration (28 U.S.C. § 2201)**

142.    Defendant repeats and re-alleges each and every response to the preceding paragraphs as if set forth fully herein.

143.    The allegations of paragraph 143 comprise a statement or conclusion of law requiring no response; to any extent some further response may be required, the allegations of paragraph 143 are DENIED.

144.    The allegations of paragraph 144 are ADMITTED.

145.    The allegations paragraph 145 are ADMITTED, upon information and belief.

146.    The allegations of paragraph 146 are ADMITTED.

147.    The allegations of paragraph 147 are ADMITTED in part; that "the other partners of RedSense treated Bohuslavskiy as a partner because" he was (and is) a partner and he "had provided the Obligated In-Kind Funding" referenced; to any extent some further response may be required, the remaining allegations and characterizations of paragraph 147 are DENIED.

148.    The allegations and characterizations of paragraph 148 are DENIED.

149.    The allegations of paragraph 149 comprise a statement or conclusion of law requiring no response; to any extent some further response may be required, the allegations of paragraph 149 are DENIED.

150.    The allegations and characterizations of paragraph 150 are DENIED.

151.    The allegations of paragraph 151 comprise a statement or conclusion of law requiring no response; to any extent some further response may be required, the allegations of paragraph 151 are DENIED.

**As to the Ninth Cause of Action – The Onboarding Agreement Is Void and Unenforceable as to Bohuslavskiy Due to Fraud (28 U.S.C. § 2201)**

152.    Defendant repeats and re-alleges each and every response to the preceding paragraphs as if set forth fully herein.

153.    The allegations of paragraph 153 comprise a statement or conclusion of law requiring no response; to any extent some further response may be required, the allegations of paragraph 153 are DENIED.

154.    The allegations of paragraph 154 are ADMITTED.

155.    The allegations and characterizations of paragraph 155 are DENIED.

156.    The allegations and characterizations of paragraph 156 are DENIED.

157.    The allegations of paragraph 157 are ADMITTED in part; that "the other partners of RedSense treated Bohuslavskiy as a partner because" he was (and is) a partner and he had

provided in-kind funding in 2023; to any extent some further response may be required, the remaining allegations and characterizations of paragraph 157 are DENIED.

158.   The allegations and characterizations of paragraph 158 are DENIED.

159.   The allegations and characterizations of paragraph 159 are DENIED.

160.   The allegations and characterizations of paragraph 160 are DENIED.

161.   The allegations of paragraph 161 comprise a statement or conclusion of law requiring no response; to any extent some further response may be required, the allegations of paragraph 161 are DENIED.

162.   The allegations and characterizations of paragraph 162 are DENIED.

163.   The allegations and characterizations of paragraph 163 are DENIED.

164.   The allegations and characterizations of paragraph 164 are DENIED.

165.   The allegations and characterizations of paragraph 165 are DENIED.

166.   The allegations of paragraph 166 comprise a statement or conclusion of law requiring no response; to any extent some further response may be required, the allegations of paragraph 166 are DENIED.

**As to the Tenth Cause of Action – Breach of Fiduciary Duties (Wyo. Stat. § 17-29-409)**

167.   Defendant repeats and re-alleges each and every response to the preceding paragraphs as if set forth fully herein.

168.   The allegations of paragraph 168 comprise a statement or conclusion of law requiring no response; questions of law being referred to the Court; to the extent some further response may be required, Defendant ADMITS in part that Wyoming law imposes certain duties upon members of its limited liability companies.

169.    The allegations of paragraph 169 comprise a statement or conclusion of law requiring no response; questions of law being referred to the Court; to the extent some further response may be required, Defendant ADMITS in part that Wyoming law may impose certain duties upon members of its limited liability companies.

170.    The allegations of paragraph 170 comprise a statement or conclusion of law requiring no response; questions of law being referred to the Court; to the extent some further response may be required, Defendant ADMITS in part that Wyoming law may impose certain duties upon members of its limited liability companies.

171.    The allegations and characterizations of paragraph 171 are DENIED.

172.    The allegations of paragraph 172 comprise a statement or conclusion of law requiring no response; questions of law being referred to the Court; to the extent some further response may be required, Defendant ADMITS in part that Wyoming law imposes certain duties upon members of its limited liability companies.

173.    The allegations of paragraph 173 comprise a statement or conclusion of law requiring no response; questions of law being referred to the Court; to the extent that some further response may be required, Defendant ADMITS in part that Wyoming law imposes certain duties upon members of its limited liability companies.

174.    The allegations and characterizations of paragraph 174 are DENIED.

175.    The allegations and characterizations of paragraph 175 are DENIED.

176.    The allegations and characterizations of paragraph 176 are DENIED.

177.    The allegations and characterizations of paragraph 177 are DENIED.

178.    The allegations and characterizations of paragraph 178 are DENIED.

## **FIRST SEPARATE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted as a matter of law against the Defendants.

### SECOND SEPARATE DEFENSE

Plaintiff lacked authorization to initiate this suit pursuant to the limited liability law of the State of Wyoming.

### THIRD SEPARATE DEFENSE

Counsel for Plaintiff is in conflict as to Defendant as a member/partner of Plaintiff.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred in part by the doctrine of impossibility.

### FIFTH SEPARATE DEFENSE

Plaintiff is not the real party-in-interest.

### SIXTH SEPARATE DEFENSE

Plaintiff's Complaint is barred for failure to have complied with statutory prerequisites before filing the Complaint.

### SEVENTH SEPARATE DEFENSE

The debt alleged by Plaintiff has been resolved by accord and satisfaction.

### EIGHTH SEPARATE DEFENSE

The relief prayed for is void for Plaintiff's own frauds and misrepresentations.

### NINTH SEPARATE DEFENSE

Plaintiff's remedy, if any, is at most an equitable or injunctive order mandating a buy-out of Defendant's interest in Plaintiff.

### TENTH SEPARATE DEFENSE

The Complaint was filed for the improper purposes of harassment and unnecessary increases in the cost of resolving the dispute.

### ELEVENTH SEPARATE DEFENSE

The Complaint was actuated by malice or reckless disregard of Defendant's rights.

### TWELFTH SEPARATE DEFENSE

Plaintiff has waived any rights which it may have had to assess or recover on any and all claims for relief alleged in its Complaint by virtue of its own acts and/or omissions.

### THIRTEENTH SEPARATE DEFENSE

The claims against Defendant are barred by the doctrine of unclean hands.

### FOURTEENTH SEPARATE DEFENSE

The claims against Defendant are barred by laches.

### FIFTEENTH SEPARATE DEFENSE

The damages complained of by Plaintiff were not foreseeable.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff's wrongful and unlawful conduct was the sole proximate cause of its alleged damages.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff is guilty of contributory fault which is greater in degree than any that might be assessable to Defendant.

### EIGHTEENTH SEPARATE DEFENSE

Defendant(s) committed no wrongful conduct which was a proximate cause of the damages complained of by Plaintiff.

### NINETEENTH SEPARATE DEFENSE

Defendant fulfilled his contractual obligations under his contract with Plaintiff.

## TWENTIETH SEPARATE DEFENSE

Plaintiff breached its contractual obligations to Defendant.

## TWENTY-FIRST SEPARATE DEFENSE

Plaintiff breached its contractual obligations to Plaintiff's clients, to Defendant's severe damage and detriment.

## TWENTY-SECOND SEPARATE DEFENSE

Plaintiff has few proprietary algorithms, source code or confidential methodology apart from CompCred relies primarily on third-party data sources such as Team Cymru.

## TWENTY-THIRD SEPARATE DEFENSE

Plaintiff has no trade secrets to protect.

## TWENTY-FOURTH SEPARATE DEFENSE

Plaintiff breached its duties of the trust and confidence reposed therein by the nature of this transaction with Defendant.

## TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff intentionally tortiously interfered with Defendant's contractual and prospective economic advantage.

## TWENTY-SIXTH SEPARATE DEFENSE

Plaintiff induced and waived any default.

## TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiff's remedy, if any, lies against others including, without limitation, Miller, Montenaro, and others not known to Defendant at this time.

## TWENTY-EIGHTH SEPARATE DEFENSE

The claims against Defendant(s) are barred by the doctrine of waiver.

## TWENTY-NINETH DEFENSE

Plaintiff's claims are not authorized by the members, for it lacks the unanimous consent.

## THIRTIETH SEPARATE DEFENSE

Plaintiff's claims are barred for breaching the covenant and duties of good faith and fair dealing.

## THIRTY-FIRST SEPARATE DEFENSE

Plaintiff is equitably estopped from pursuing the claims asserted in the Complaint.

## THIRTY-SECOND SEPARATE DEFENSE

Plaintiff did not "entrust" Defendant with information to which he is entitled as a member by right.

## THIRTY-THIRD SEPARATE DEFENSE

Plaintiff's claims are barred by collateral estoppel.

## THIRTY-FOURTH SEPARATE DEFENSE

Project Python is proprietary to Affix Advisory LLC and is distinct from the AIDIS pleaded in the Complaint.

## THIRTY-FIFTH SEPARATE DEFENSE

Plaintiff failed to join necessary party(ies) in this action.

## THIRTY-SIXTH SEPARATE DEFENSE

Plaintiff defaulted prior to the date it alleges a default by Defendant.

## THIRTY-SEVENTH SEPARATE DEFENSE

Plaintiff has continuously defaulted without cure through the date of this pleading.

## THIRTY-EIGHTH SEPARATE DEFENSE

Plaintiff's continuing and material default(s) relieve(s) Defendant of any obligation to perform as a matter of law.

### THIRTY-NINTH SEPARATE DEFENSE

Defendant did not default.

### FORTIETH SEPARATE DEFENSE

Plaintiff failed to mitigate its damages.

### FORTY-FIRST SEPARATE DEFENSE

AIDIS was delivered to Plaintiff.

### FORTY-SECOND SEPARATE DEFENSE

Defendant has made repeated efforts to mitigate damages.

### FORTY-THIRD SEPARATE DEFENSE

Defendant did not receive notice of some of the communications alleged.

### FORTY-FOURTH SEPARATE DEFENSE

Plaintiff, its agent(s)/representative(s) constructively withheld notice(s).

### FORTY-FIFTH SEPARATE DEFENSE

Plaintiff took an assignment of the instruments alleged in this action with actual and constructive knowledge of its breaches, defaults and torts.

### FORTY-SIXTH SEPARATE DEFENSE

Defendant is free as a member of Plaintiff to contact clients and convey CTI warnings.

### FORTY-SEVENTH SEPARATE DEFENSE

Defendant was in communication with Plaintiff's allegedly confidential clients before Plaintiff existed and brought many of them to Plaintiff.

### FORTY-EIGHTH SEPARATE DEFENSE

Plaintiff's clients were interested in Plaintiff because of Defendant's skill and experience, not Plaintiff's.

## FORTY-NINTH SEPARATE DEFENSE

Defendant is free to "represent" Plaintiff as a member thereof.

## FIFTIETH SEPARATE DEFENSE

Plaintiff is in violation of agreements barring the prosecution of its Complaint.

## FIFTY-FIRST SEPARATE DEFENSE

Plaintiff's action violates Wyoming's judicial and public policy.

## FIFTY-SECOND SEPARATE DEFENSE

Plaintiff initiated this action to thwart, gain an unfair advantage, or otherwise interfere with Defendant's efforts to mediate or settle their differences.

## FIFTY-THIRD SEPARATE DEFENSE

Plaintiff's claims are barred by its perjurious declarations submitted in this action. (D.N.J.).

## FIFTY-FOURTH SEPARATE DEFENSE

Plaintiff's claims are frivolous, including, but not limited to Fed. R. Civ. P. 11 and N.J. Stat. Ann. § 2A:15–59.1, as well as arbitrary, vexatious and were not brought in good faith; thus, Defendant is entitled to an award of damages, including but not necessarily limited to, attorneys' fees, costs, and expenses incurred in the defense of the Complaint.

## FIFTY-FIVE SEPARATE DEFENSE

Defendant is entitled to judgment as a matter of law based upon the facts set forth in this matter.

## RESERVATION OF RIGHTS

Defendant reserves the right to raise additional affirmative, negative, or separate defenses, the existence of which may arise out of discovery in, or prosecution of this action.

## DEMAND FOR DISMISSAL OF COMPLAINT

**WHEREFORE**, the defendant YELISEY BOHUSLAVSIY hereby demands judgment dismissing the Complaint with prejudice, together with an award of fees and costs of suit.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to L.Civ.R. 8.1, Defendant demands that within 14 days of service hereof that Plaintiff furnish Defendant a statement of the amount of damages claimed, which statement shall not be filed except on court order.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) & L.Civ.R. 38.1 and 48.1, Defendant hereby demands a trial by jury on all issues so triable, including counter- and third-party claims.

KIM, LIM & PARTNERS
*Attorneys for Defendant*
by s/ *Joshua S. Lim*
Joshua S. Lim
460 Bergen Boulevard, Suite 305
Palisades Park, New Jersey 07650
(t) 201.585.7400, (f) 201.585.7422
(e) *joshualim@klplawyers.com*

## BY WAY OF COUNTERCLAIM AND THIRD-PARTY COMPLAINT

By way of Counterclaim against RED SENSE LLC (the "Company", "Counter-defendant" or "RedSense"), and Third-Party Complaint against DAVID MONTANARO ("Montanaro") and KEVIN STEAR ("Stear") (Montanaro and Stear, collectively, "Third-Party Defenants"), the Counterclaimant/Third-Party Plaintiff YELISEY BOHUSLAVSKIY a/k/a Elisei Boguslavskii ("Counterclaimant" or "Bohuslavskiy"), hereby avers and SAYS:

## NATURE OF ACTION

179.    This matter arises out of a 2023 agreement between the parties to onboard Counterclaimant as a member and partner of Counter-defendant, a limited liability company ("LLC"). Counterclaimant was unanimously admitted as a member and partner of the Company on January 25, 2023.

180.    This Counterclaim and Third-Party Complaint arises from unlawful, oppressive, and fraudulent actions by the Company and the Third-Party Defendants, its controlling members, to forcibly remove Bohuslavskiy as a member of the LLC, misappropriate his intellectual property, and deprive him of his rightful economic and management rights as a member and partner in the company. The oppression suffered by Counterclaimant is so severe as to make continued membership in the Company unreasonable,

181.    Counterclaimant seeks: (i) damages for breach of contract, breach of fiduciary duty, and wrongful exclusion; (ii) injunctive and declaratory relief; and (iii) a buy-out of his full membership interest pursuant to Wyo. Stat. § 17-29-701 and related provisions.

## JURISDICTION AND VENUE

182.    This Court has original jurisdiction under 28 U.S.C. § 1331, providing for subject matter jurisdiction over all actions brought pursuant to the laws of the United States, because the Company initially asserted federal claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* and the Lanham Act, 15 U.S.C. § 1051, in its Complaint.

183.    This Court has supplemental jurisdiction over the remaining state law claims asserted herein under 28 U.S.C. § 1367(a).

184.    The Court has *in personam* jurisdiction over the Company as it voluntarily submitted to jurisdiction in this district by filing a Complaint here; and general or specific juris-

diction over the Third-Party Defendants because the damage their acts or omissions inflicted on the Third-Party Plaintiff occurred here.

185.    Venue is proper in this district under 28 U.S.C. § 1391(b)(l) because Bohuslavskiy, as a party-defendant on Counter-defendant's original Complaint, and (b)(2) because a substantial part of the events giving rise to these claims occurred here.

## PARTIES

186.    Counter-defendant RedSense is, and all times mentioned herein was, an LLC organized and existing under the laws of the State of Wyoming, having a registered agent and registered address located at 1621 Central Avenue, in the City of Cheyenne, County of Laramie, State of Wyoming; and a principal place of business is located at One Boston Place, Suite 2600, in the City of Boston, County of Suffolk, Commonwealth of Massachusetts.

187.    Third-Party Defendant Montanaro is, and all times relevant hereto, is an individual who has acted as Chief Executive Officer ("CEO") of the Company, and has a professional address located at One Boston Place, Suite 2600, in the City of Boston, County of Suffolk, Commonwealth of Massachusetts.

188.    Third-Party Defendant Stear is, and all times relevant hereto, is an individual who has acted as Chief Technology Officer ("CTO") of the Company, and has a professional address located at One Boston Place, Suite 2600, in the City of Boston, County of Suffolk, Commonwealth of Massachusetts.

189.    Counterclaimant/Third-Party Plaintiff Bohuslavskiy is an individual residing in the Town of Guttenberg, County of Hudson, State of New Jersey. From January 25, 2023 through February 24, 2025, Bohuslavskiy served as the Company's Chief Research Officer ("CRO").and remains a member/partner through the date of filing of this Counterclaim.

## FACTS COMMON TO ALL COUNTS

190.    Personally, Bohuslavskiy is a refugee of Russo-Ukrainian-Jewish origin seeking political asylum in the United States after fleeing from Russia in 2014 due to Plaintiff's support of Ukraine's 2014 Euromaidan Revolution and work with Alexei Navalny ("Navalny"), the late Russian opposition leader who criticized Vladimir Putin and survived a poisoning, then died mysteriously in a western Siberian prison in 2024.

191.    Professionally, Bohuslavskiy is a recognized cybersecurity researcher specializing in preventing ransomware by using his Russo-Ukrainian background to track ransomware groups that are dominated by tightly organized, Russian-speaking crime syndicates. He is a sought-after speaker at technical gatherings and has been interviewed by NBC, Reuters, and WIRED magazine.

192.    In 2019, Bohuslavskiy formed Advanced Intelligence, LLC ("AdvIntel") along with a colleague, who trained engineers who would later move with Bohuslavskiy to the Company.

193.    In 2021, AdvIntel split into two entities, with Bohuslavskiy owning one hundred (100%) percent of one entity, Affix Advisory LLC ("Affix"), and the other entity, AdvIntel, belonging – in majority – to the colleague that formed AdvIntel alongside Bohuslavskiy. Future Company Members Michael Zeiger ("Zeiger") and Third-Party Defendant Montanaro owned nominal amounts of AdvIntel, roughly three to five percent (3-5%) each, after joining the Company officially in late 2020.

194.    In the Spring of 2022, Zeiger left AdvIntel and formed Red Sense LLC; Third-Party Defendant Stear, a prior colleague of Zeiger, co-founded the Company alongside Zeiger and initially held a 50% interest.

195.    After founding the Company, Zeiger recruited others to join it; this recruitment included Montanaro, likely in July 2022.

196.    On January 25, 2023, Bohuslavskiy signed a certain Red Sense Restructuring & New Owner Onboarding Agreement (the "Onboarding Agreement") and became the sixth Member (Owner/Partner) of the Company.

197.    Subsequently, Bohuslavskiy took a position in the Company as CRO and attracted previous AdvIntel customers, some of whom came primarily for Bohuslavskiy's expertise.

198.    Bohuslavskiy, during his tenure as Member, repeatedly asked for an operating agreement for the Company to be formalized, but to no avail – Bohuslavskiy's requests were repeatedly vetoed by Montanaro.

199.    Throughout the next two years, Montanaro bought out two Members, including Zeiger.

200.    In 2024, upon information and belief, Zeiger, following an encounter with law enforcement, requested Stear ensure transfer of shares to his father in event of his death or disappearance and asked Stear to subsequently purchase these shares to ensure uninterrupted operations of Red Sense LLC. Instead of following Zeiger's instructions, Stear returned and claimed Zeiger, then CEO, had resigned from his role and all partnership rights.

201.    The Members voted Montanaro in as CEO upon learning this information from Stear, despite Zeiger's denial of his resignation. Zeiger was subsequently frozen out of the Company's affairs, including cutting all income, distributions, and bonuses.

202.    Because of the freeze out, Zeiger ran out of funds and was forced to sell his shares to Montanaro for what was, upon information and belief, below market value, This sale was approved by all Members.

203.    Zeiger's absence created financial strain on the Company because the core products became ruined without his leadership, and customers withdrew due to deterioration of these

products. No operating or budget policy existed, and funds were flowing to consultants instead of product; subsequently, Bohuslavskiy's sales bonuses were placed on hold.

204.    Bohuslavskiy believes and thereon alleges that there was another Member who was an equal partner and 15% Member under the Onboarding agreement. This Member later became a 3.75% Member of the Company following a payment of $182,000 for technology work – subject to an agreement that he had never been a Member.

205.    Bohuslavskiy believes and thereon alleges that Stear and Montanaro also attempted to convince another Member, Bryan Vansickle ("Vansickle"), to waive his 20% interest in Red Sense LLC. When Vansickle refused, Stear insulted him by referencing his terminal cancer and roughly stated that Vansickle was only paid because he was going to die soon.

206.    On January 22, 2025, Bohuslavskiy's working relationship was heavily strained when Stear, then Chief Technology Officer ("CTO") and Member of the Company, sent threatening messages attacking Bohuslavskiy's and family's immigration status – a severe threat in light of the ongoing hot war in Ukraine and Bohuslavskiy's alliance with Navalny.

207.    On January 23, 2025, Bohuslavskiy wrote a letter to his fellow Members detailing the accusations made by CTO Stear. The accusations included explicit threats to report Bohuslavskiy to immigration authorities and implicit threats to his family. As a result of these threats, Bohuslavskiy suspended himself from the CRO position, and requested an investigation be conducted and evidence presented regarding CTO Stear's claims.

208.    Upon information and belief, by mid-February, Bohuslavskiy's analysts had gone a month without pay and Bohuslavskiy's brother, a consultant for the Company, had gone two months. While all bonuses and salaries were frozen, Bohuslavskiy was asked to sign a backdated agreement in an attempt by Montanaro to seize a side project developed by Bohuslavskiy,

Bohuslavskiy's analysts, and Bohuslavskiy's brother. Montanaro continued to withhold funds because Bohuslavskiy would not sign.

209.    On February 24, 2025, Bohuslavskiy announced his resignation from his position as CRO of the Company. Bohuslavskiy specified in his resignation letter that his role as partner would continue despite his resignation from his position as CRO and clarified that he was striving to resolve misalignments within the partnership and shareholder domains.

210.    On February 25, 2025, Chief Executive Officer ("CEO") and Member of the Company, Montanaro, e-mailed Bohuslavskiy stating that he was confirming Bohuslavskiy's resignation and that Bohuslavskiy had disassociated from Red Sense LLC under the Wyoming Limited Liability Company Act (the "Wyoming Act") In this communication, CEO David Montanaro used the vague and incorrect assertion of Wyoming law to falsely assert that Bohuslavskiy had resigned from his membership at Red Sense, prevent Bohuslavskiy from participating in the operations of the Company, and restrict Bohuslavskiy from exercising any voting rights in the management of the Company.

211.    Bohuslavskiy made no express communication to disassociate and denied Counter-defendant's misinterpretation of his resignation. *See* Wyo. Stat. § 17-29-602(a)(i).

212.    To date, the Company continues to refuse to acknowledge that Plaintiff is a Member.

213.    On March 6, 2025, Bohuslavskiy contacted customers in his capacity as Member from a personal electronic mail address because Bohuslavskiy no longer had access to his Red Sense LLC e-mail address.

214.    Bohuslavskiy contacted these customers from his personal e-mail address because Bohuslavskiy, to lock customers into two-year and three-year contracts with Counter-defendant,

agreed on numerous calls to continue to supply these customers with information from his own sources for the life of their agreement as an assurance to obtain their business.

215.    Yet on March 17, 2025, Bohuslavskiy received a demand to cease and desist communications with his Company's customers, partners, and prospective customers/partners, and to direct all replies to *Legal@redsense.com.*

216.    The demand also requested that no representations be made that Bohuslavskiy is affiliated with Red Sense LLC and that Bohuslavskiy remove a LinkedIn post stating that his resignation as CRO was due to his ethical and contractual concerns.

217.    Bohuslavskiy did not submit to these demands.

218.    On April 14, 2025, Bohuslavskiy, in his capacity as Member, sent a demand letter to Montanaro, member and CEO of the Company. In his demand letter Bohuslavskiy requested management rights, fulfillment of the Members' fiduciary duties and statutory obligations, the right to access information, retention documentation regarding Crowell & Moring LLP, payment of engineering services rendered, immediate reinstatement of the engineering team and their access, revocation of improper terminations, and payment of outstanding bonuses.

219.    Additionally, Bohuslavskiy demanded that the Company cease and desist from making any false statements regarding his alleged disassociation, remove and revoke all prior statements regarding his alleged dissociation, reinstate all Company accesses previously granted to Bohuslavskiy, provide written confirmation of Bohuslavskiy's membership status, and that the Company provide full access to Company records, financial statements, client agreements, internal correspondence, and meeting notes withheld from Bohuslavskiy since February 26, 2025.

220.    Specifically, Bohuslavskiy requested access to the following information under Wyo. Stat. § 17-29-410: Company systems, including, but not limited to Bohuslavskiy's company

email account; Slack, Signal, and all similar communications platforms; Zoom and other video conferencing tools; Company calendars and scheduling systems; internal file storage and document-sharing systems; client communication channels; any infrastructure or data systems related to intelligence product, including the server formerly associated with IP address 45.79.15.15; access to all financial records, including bank statements, balance sheets, income statements, and cash flow reports; all signed client contracts and agreements since January 25, 2023; all internal communications and meeting notes relating to my resignation, access removal, and membership status; and all meeting minutes or resolutions affecting Bohuslavskiy's rights or role.

221.     Counter-defendant did not meet any of the demands in Bohuslavskiy's April 14, 2025 letter.

222.     Bohuslavskiy also made requests to Mighty Financial to obtain the Company's financial information, Thunder Rock, LLC to obtain/regain access to his Company e-mail and outlook account, and to Damian Miller (then presiding COO of the Company) for access to the scope of Damian's analysis, documents, and representation presented before Damian Miller became COO and when he was working as a consultant.

223.     Specifically, Bohuslavskiy requested from Damian Miller information related to the calculation of AdvIntel-related sales bonuses for 2024 and 2025 pertaining to Montanaro and Bohuslavskiy. Likewise, these demands were also not met.

224.     On June 27, 2025, the Company filed a Complaint ("New Jersey Complaint") against Bohuslavskiy as defendant in the District of New Jersey contending, *inter alia*, that the Onboarding Agreement is void and unenforceable due to fraud and lack of consideration. The 77-page (excluding exhibits) complaint is devoid of CEO Montanaro's assertion that Bohuslavskiy

resigned as a Member and does not assert disassociation under any provision of the Wyoming Act.

225.    Bohuslavskiy is a Member in Red Sense, LLC. The Company's 2023 K-1 tax filing formally designates Bohuslavskiy as a "general partner" and "domestic partner."

226.    He is entitled to all rights as a current Member in the Company.

227.    Given the lack of legal grounds to withhold Bohuslavskiy's membership rights in the Company, Bohuslavskiy filed a Complaint in the First Judicial District, Laramie County, to receive a declaration from a Wyoming court that he is an LLC Member, to regain access to all aspects of the Company, enforce his rights as Member of the Company, and obtain any information that has been withheld by the Company.

## CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT
### (against Red Sense LLC, 28 U.S.C. § 1367(a))

228.    Counterclaimant Bohuslavskiy repeats, realleges and reiterates the foregoing paragraphs 179 through 227, inclusive, as though set forth at length herein verbatim.

229.    On January 25, 2023, Bohuslavskiy entered into the Onboarding Agreement, by which he was admitted as the sixth partner of the Company.

230.    The Onboarding Agreement comprises a lawfully enforceable, written contract.

231.    In lieu of a $100,000 capital contribution, Bohuslavskiy agreed to provide continuous "in-kind funding" consisting of cyber threat intelligence and proprietary intellectual property. This was expressly approved and acknowledged by all partners.

232.    His contributions led to the onboarding of approximately sixteen former AdvIntel customers, comprising over 70% of Red Sense's client base between 2023 and 2025. These clients were attracted solely by Bohuslavskiy's reputation and threat intelligence.

233.    Under Section 4.3 of the Onboarding Agreement, Bohuslavskiy was entitled to a 10% share of all revenue derived from customers he helped bring in or service.

234.    This bonus was shared among Bohuslavskiy, Zeiger, and Montanaro, based on their prior affiliation with AdvIntel. Montanaro, then Chief Revenue Officer, was responsible for executing the distribution.

235.    Bohuslavskiy consistently delivered client services, created a product called AIDIS (AI-Driven Intel Search), and independently developed proprietary tools such as Pylon, which was offered conditionally to Red Sense, contingent upon licensing terms that were never met.

236.    Counter-defendant Company breached the Onboarding Agreement by failing to pay bonus distributions, denying Bohuslavskiy access to systems, and retroactively altering his contractual rights.

237.    Counter-defendant's failure to perform all or any part of what is promised therein was without legal excuse or justification.

238.    As a result, Third-Party Plaintiff suffered loss of income, reputational harm, and loss of proprietary work product, in an amount to be determined at a trial of this action.

### COUNT II: BREACH OF FIDUCIARY DUTIES
### (against Montanaro and Stear, 28 U.S.C. § 1367(a))

239.    Third-Party Plaintiff Bohuslavskiy repeats, realleges and reiterates the foregoing paragraphs 179 through 238, inclusive, as though set forth at length herein verbatim.

240.    As managing members, Montanaro and Stear owed fiduciary duties to Bohuslavskiy, including duties of loyalty, care, and fair dealing.

241.    In 2024, after Zeiger's removal, Montanaro and Stear orchestrated a campaign to oust the remaining technical founders. False statements were used to justify Zeiger's ouster; subsequently, Stear and Montanaro assumed control of the company.

242. Following Zeiger's exit, the Company suffered a dramatic decline in technical output: NetFlow alerts degraded, credential coverage dropped, and clients shut off the product altogether.

243. Despite his role, Bohuslavskiy was denied access to Company systems, including client communication channels, in early 2025.

244. Third-Party Defendant Montanaro attempted to coerce him into signing a back-dated invention assignment agreement, threatening nonpayment.

245. On February 24, 2025, after weeks of unpaid labor and sustained hostility, Bohuslavskiy resigned as CRO, but explicitly reaffirmed his status and rights as a partner of the Company.

246. On January 22, 2025, Third-Party Defendant Stear threatened to report Third-Party Plaintiff Bohuslavskiy to immigration authorities and separately threatened terminally ill partner VanSickle regarding his compensation.

247. In February 2025, Montanaro admitted that the Company was insolvent and suspended all distributions, despite previously concealing customer refund claims totaling $1.6 million.

248. Third-Party Plaintiff sent repeated notices to the Company documenting his ongoing work and efforts to fulfill his obligations as a partner. Nevertheless, the Company, through Montanaro and Stear, treated Bohuslavskiy as though he had abandoned his membership, which he had not.

249. As such, Third-Party Defendants violated their fiduciary duties by freezing out Third-Party Plaintiff, making threats, misappropriating IP, concealing material financial data, and attempting to coerce his resignation.

250.     As a result, Third-Party Plaintiff Bohuslavskiy has suffered damages in an amount to be determined at a trial of this action.

### COUNT III: OPPRESSION UNDER WYOMING LLC ACT
### (against Red Sense LLC, 28 U.S.C. § 1367(a))

251.     Counterclaimant Bohuslavskiy repeats, realleges and reiterates the foregoing paragraphs 179 through 251, inclusive, as though set forth at length herein verbatim.

252.     Pursuant to Wyo. Stat. § 17-29-701, a court may dissolve or buy out a member of a limited liability company when the governing persons act illegally, fraudulently, or oppressively.

253.     The above conduct constitutes a sustained pattern of oppressive behavior, including economic retaliation, manufactured resignations, and dilution efforts.

254.     As a result, Counterclaimant Bohuslavskiy has suffered damages in an amount to be determined at a trial of this action

### COUNT IV: BUY-OUT DEMAND UNDER WYOMING LAW
### (against Red Sense LLC, 28 U.S.C. § 1367(a))

255.     Counterclaimant Bohuslavskiy repeats, realleges and reiterates the foregoing paragraphs 179 through 255, inclusive, as though set forth at length herein verbatim.

256.     As a remedy for unlawful exclusion and oppression, Bohuslavskiy seeks a judicial order compelling Red Sense to buy out his membership interest at fair market value.

257.     Given the complete breakdown in trust and governance, Counterclaimant Bohuslavskiy is entitled to a buy-out of his interest as the only equitable solution.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Counterclaimant and Third-Party Plaintiff YELISEY BOHUSLAVSKIY respectfully requests that this Court:

A.      Enter judgment in his favor on all counts;

B.      Award compensatory and consequential damages, including unpaid distributions;

C.      Declare that Counterclaimant remains a member of Red Sense LLC;

D.      Compel Red Sense to buy out his full membership interest at a fair market rate

under Wyo. Stat. § 17-29-701;

E.      Award attorneys' fees and costs; and

F.      Grant any other relief as the Court deems just and proper.

Respectfully submitted this **7th** day of **August 2025** by:

KIM, LIM & PARTNERS
*Attorneys for Defendant*
by s/ *Joshua S. Lim*
Joshua S. Lim
460 Bergen Boulevard, Suite 305
Palisades Park, New Jersey 07650
(t) 201.585.7400, (f) 201.585.7422
(e) *joshualim@klplawyers.com*


## <u>CERTIFICATION OF OTHER PROCEEDINGS</u>

Pursuant to L.Civ.R. 11.2, the undersigned hereby certifies that the matter in controversy is

the subject of another action pending in the County of Laramie, State of Wyoming, to wit:

*Bohuslavskiy v. Red Sense LLC*, Case no. 2025-CV-0203503 (Wyo. 1st Jud. Dist. Ct.).

The parties are the same as in the instant action, albeit with the positions of plaintiff and defendant

reversed there.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the **7th** day of **August 2025**, in Palisades Park, N.J.

s/    *Joshua S. Lim*
Joshua S. Lim