# APPENDIX A TO DECLARATION OF DAVID MONTANARO

Pursuant to L. Civ. R. 5.3(c)(3)(e), there is no prior order sealing any of the materials in the pending action. However, RedSense has previously moved to seal customer names contained in its Complaint and Motion for Preliminary Injunction and supporting documents. ECF No. 12. These are the same customer names that RedSense seeks to seal in connection with this Motion to Seal. RedSense's prior motion remains pending as of the date of this filing.

| Material | | Basis for Sealing | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why A Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis[1] |
|---|---|---|---|---|---|
| *Customer names in RedSense's Reply Brief ISO Motion to Preliminary Injunction (Redacted: ECF No. 32, Unredacted: ECF No. 37)* | | | | | |
| ECF No. 32 at 4 | "identified that REDACTED a customer that had been" | RedSense considers its customer list and prospective customers to be RedSense trade secrets. Montanaro Decl. in Support of Motion to Seal ¶ 7. RedSense does not publicly share this information and only shares its customer information under the protection of a confidentiality | If competitors knew RedSense's customer list or prospective customers, they would have a roadmap of which customers to target to take business away from RedSense and have an improper advantage in competing with RedSense.

Additionally, given the industry RedSense | RedSense does not seek to seal full documents, or even full pages or paragraphs. Instead, RedSense seeks the narrowest possible sealing—only redacting the 11 instances where RedSense referenced a customer by name in its Reply Brief. The majority of the Reply Brief remains publicly accessible on the Court's docket, and the | Defendant consents to redaction of **client names** (**only**) to protect client privacy (notwithstanding some clients have already recognized themselves as part of this suit). |
| ECF No. 32 at 4 | "identified REDACTED a customer that expressly" | | | | |
| ECF No. 32 at 4 | "identified REDACTED, a prospective customer" | | | | |
| ECF No. 32 at 6 | "clients like REDACTED stopped" | | | | |

---

[1] Bohuslavskiy counsel provided their response to each category RedSense seeks to seal. Even where Bohuslavskiy does not object and agrees it should be sealed in full, RedSense repasted the response in full.

| Material | Basis for Sealing | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why A Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis[1] |
|---|---|---|---|---|
| ECF No. 32 at 6 — "complaints, as REDACTED had" | agreement. *Id.* Additionally, RedSense's agreements with customers restrict RedSense's ability to publicly share the names of its customers because public disclosure of the customer names could cause harm to the customer. *Id.* ¶ 9. | operates in and the services it provides, disclosure of RedSense's customer names could also cause serious harm to RedSense's customers. If the names of RedSense's customers and the services they receive from RedSense is disclosed, a malicious threat actor or cybercriminal could leverage that information to target RedSense's customers. For example, knowing that a RedSense customer receives cybersecurity services from RedSense would allow the threat actor to design a targeted attack on the customer where the threat actor | unredacted portion of the aforementioned document sufficiently discloses the nature of the parties' dispute to the public. | |
| ECF No. 32 at 8 — "RedSense customer REDACTED" | | | | |
| ECF No. 32 at 9 — "encouraged REDACTED to schedule" | | | | |
| ECF No. 32 at 11 — "Illinois-based REDACTED neatly" | | | | |
| ECF No. 32 at 12 — "RedSense customer REDACTED, as" | | | | |
| ECF No. 32 at 12 — "communication with REDACTED, which" | | | | |
| ECF No. 32 at 13 — "RedSense customer REDACTED shared" | | | | |

| Material | Basis for Sealing | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why A Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis[1] |
|---|---|---|---|---|
| | | pretends to be an employee of RedSense in order to seek information from the customer to "better serve the customer account." Montanaro Decl. in Support of Motion to Seal ¶ 10. | | |
| **Customer contract information in RedSense's Reply Brief ISO Motion to Preliminary Injunction (Redacted: ECF No. 32, Unredacted: ECF No. 37)** | | | | |
| ECF No. 32 at ¶ 13 | "renew its REDACTED annual" | RedSense does not publicly share customer information including subscription pricing details and only shares its customer information under the protection of a confidentiality agreement. Montanaro Decl. in | If competitors knew pricing details of RedSense's customer contracts, they would have an improper competitive advantage when competing with RedSense. | RedSense does not seek to seal full documents, or even full pages or paragraphs. Instead, RedSense seeks the narrowest possible sealing—only redacting one financial figure in its Reply Brief. The majority of the Reply Brief remains publicly accessible on the Court's docket, and the unredacted portion of | No objection. |

| Material | Basis for Sealing | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why A Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis[1] |
|---|---|---|---|---|
| | | Support of Motion to Seal ¶ 7. | | the aforementioned document sufficiently discloses the nature of the parties' dispute to the public. | |
| *Customer names in Declaration of David Montanaro (Redacted: ECF No. 32-1, Unredacted: ECF No. 37)* | | | | | |
| ECF No. 32-1 at ¶ 16 | "customers, REDACTED raised" | RedSense considers its customer list and prospective customers to be RedSense trade secrets. Montanaro Decl. in Support of Motion to Seal ¶ 7. RedSense does not publicly share this information and only shares its customer information under the protection of a confidentiality agreement. *Id.* Additionally, RedSense's agreements with customers restrict | If competitors knew RedSense's customer list or prospective customers, they would have a roadmap of which customers to target to take business away from RedSense and have an improper advantage in competing with RedSense.

Additionally, given the industry RedSense operates in and the services it provides, disclosure of RedSense's customer names could also | RedSense does not seek to seal full documents, or even full pages or paragraphs. Instead, RedSense seeks the narrowest possible sealing— only redacting the 5 instances where RedSense referenced a customer by name in the Declaration of David Montanaro. The majority of the Montanaro Declaration remains publicly accessible on the Court's docket, and the unredacted portion of the aforementioned document sufficiently | Defendant consents to redaction of **client names** (**only**) to protect client privacy (notwithstanding some clients have already recognized themselves as part of this suit). |
| ECF No. 32-1 at ¶ 16 | "email from REDACTED. It did not" | | | | |
| ECF No. 32-1 at ¶ 16 | "received from REDACTED on July 1" | | | | |
| ECF No. 32-1 at ¶ 17 | "clients, REDACTED informed" | | | | |
| ECF No. 32-1 at ¶ 18 | "with REDACTED, be disturbed" | | | | |

| Material | Basis for Sealing | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why A Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis[1] |
|---|---|---|---|---|
| | | RedSense's ability to publicly share the names of its customers because public disclosure of the customer names could cause harm to the customer. *Id.* ¶ 9. | cause serious harm to RedSense's customers. If the names of RedSense's customers and the services they receive from RedSense is disclosed, a malicious threat actor or cybercriminal could leverage that information to target RedSense's customers. For example, knowing that a RedSense customer receives cybersecurity services from RedSense would allow the threat actor to design a targeted attack on the customer where the threat actor pretends to be an employee of RedSense in order to seek information from the customer to | discloses the nature of the parties' dispute to the public. | |

| Material | Basis for Sealing | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why A Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis[1] |
|---|---|---|---|---|
| | | "better serve the customer account." Montanaro Decl. in Support of Motion to Seal ¶ 10. | | |
| *Customer contract information Declaration of David Montanaro (Redacted: ECF No. 32-1, Unredacted: ECF No. 37)* | | | | |
| ECF No. 32-1 at ¶ 17 | "worth REDACTED per year" | RedSense does not publicly share customer information including subscription pricing details and only shares its customer information under the protection of a confidentiality agreement. Montanaro Decl. in Support of Motion to Seal ¶ 7. | If competitors knew pricing details of RedSense's customer contracts, they would have an improper competitive advantage when competing with RedSense. | RedSense does not seek to seal full documents, or even full pages or paragraphs. Instead, RedSense seeks the narrowest possible sealing—only redacting one financial figure in its Reply Brief. The majority of the Reply Brief remains publicly accessible on the Court's docket, and the unredacted portion of the aforementioned document sufficiently discloses the nature of the parties' dispute to the public. | No objection. |

| Material | | Basis for Sealing | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why A Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis[1] |
|---|---|---|---|---|---|
| *Declaration of Andrea Surratt Regarding FBI Investigation into Michael Zeiger (Unredacted: ECF No. 37)* | | | | | |
| ECF No. 37 | Entire document | The Surratt Declaration contains details about the FBI Investigation that goes beyond what was contained in the Board Consent that Bohuslavskiy publicly filed (ECF No 22-1). Although Zeiger apparently had no qualms about launching character attacks as part of his own vendetta, RedSense respects the privacy of Zeiger and contends it is appropriate to seal these details of the investigation, particularly where | While RedSense will not be harmed by the disclosure of this information, RedSense believes that public disclosure of this information may be harmful to Zeiger, who is a third party to this action. Additionally because RedSense does not know the status of the FBI investigation, it does not know if this investigation remains ongoing. To the extent that the investigation remains active, public disclosure may impede or undermine | Because the entire document contains details regarding the FBI investigation that goes beyond what Bohuslavskiy publicly disclosed in connection with his public filing of the 2024 Board Consent (ECF No. 22-1), nearly the entire document would need to be redacted.[2] | Defendant **consents solely** because the Surratt Declaration (and references thereto) must be **stricken** in their entirety as wholly incompetent (and consistent with Plaintiff's argument that sealing should protect nonparties).. These comprise bald hearsay, not within the declarant's personal knowledge and concludes with speculative argument, both in violation of L.Civ.R. 7.2(a) and Fed. R. Evid. 802; counsel is incompetent to testify to the |

---

[2] Should the Court require it, RedSense is prepared to submit a redacted version of the Surratt Declaration, whereby the document's caption and paragraph 1 of the declaration would be publicly available and RedSense would redact paragraphs 2-6.

| Material | Basis for Sealing | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why A Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis[1] |
|---|---|---|---|---|
| | | Zeiger is not a party to this lawsuit. Additionally, RedSense believes that the FBI investigation may be ongoing. To the extent that the investigation remains ongoing, RedSense contends that preserving the sanctity of a law enforcement investigation merits sealing. | law enforcement activity. | | matters asserted for their truth; all excerpts or quotations, and is meant to prejudice the defense while Plaintiff's attacks on Defendant remain public. |
| *References to the FBI Investigation of Michael Zeiger in the Declaration of David Montanaro (Redacted: ECF No. 32-1, Unredacted: ECF No. 37)* ||||| 
| ECF No. 32-1 at ¶ 25 | "However, REDACTED." | The description of the FBI investigation goes beyond what was contained in the Board Consent that Bohuslavskiy publicly filed (ECF No 22-1). Although | Because RedSense does not know the status of the FBI investigation, it does not know if this investigation remains ongoing. To the extent that the | RedSense only seeks to seal a single sentence in its Reply Memorandum that discusses additional, non-public details regarding the FBI investigation. RedSense is not seeking | **Paragraph 25 and first sentence of 26** should be sealed in their entirety. **Paragraph 27, second sentence** should be sealed. |

| Material | Basis for Sealing | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why A Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis[1] |
|---|---|---|---|---|
| | Zeiger apparently had no qualms about launching character attacks as part of his own vendetta, RedSense respects the privacy of Zeiger and contends it is appropriate to seal these details of the investigation, particularly where Zeiger is not a party to this lawsuit. Additionally, RedSense believes that the FBI investigation may be ongoing. To the extent that the investigation remains ongoing, RedSense contends that preserving the sanctity of a law enforcement investigation merits sealing. | investigation remains active, public disclosure may impede or undermine law enforcement activity. | to redact paragraphs or pages in the Reply Memorandum. | |

| Material | | Basis for Sealing | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why A Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis[1] |
|---|---|---|---|---|---|
| *References to the FBI Investigation of Michael Zeiger Contained with the Reply Brief ISO Motion for Preliminary Injunction (Redacted: ECF No. 32, Unredacted: ECF No. 37)* ||||||
| ECF No. 32 at 8 | "he was being REDACTED." | The description of the FBI investigation goes beyond what was contained in the Board Consent that Bohuslavskiy publicly filed (ECF No 22-1). Although Zeiger apparently had no qualms about launching character attacks as part of his own vendetta, RedSense respects the privacy of Zeiger and contends it is appropriate to seal these details of the investigation, particularly where Zeiger is not a party to this lawsuit. Additionally, RedSense believes | Because RedSense does not know the status of the FBI investigation, it does not know if this investigation remains ongoing. To the extent that the investigation remains active, public disclosure may impede or undermine law enforcement activity. | RedSense only seeks to seal a single sentence in the Montanaro Declaration that discusses additional, non-public details regarding the FBI investigation. RedSense is not seeking to redact paragraphs or pages in the Montanaro Declaration. | **Brief, p. 8, second full sentence** ("Zeiger informed RedSense . . . impacted.") should be sealed; and third full sentence ("Zeiger's declaration . . . need.") should be sealed. |

| Material | Basis for Sealing | Clearly Defined and Serious Injury That Would Result if Relief Were Not Granted | Why A Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis[1] |
|---|---|---|---|---|
| | that the FBI investigation may be ongoing.  To the extent that the investigation remains ongoing, RedSense contends that preserving the sanctity of a law enforcement investigation merits sealing. | | | |