UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Red Sense, LLC<br><br>        Plaintiff,<br><br>    v.<br><br>Yelisey Bohuslavskiy,<br>a.k.a. Elisei Boguslavskii<br><br>        Defendant. | Civil Action No. 2:25-cv-12281<br><br>**[PROPOSED] ORDER GRANTING CONSOLIDATED MOTION TO SEAL PURSUANT TO L. CIV. R. 5.3** |

Before the Court is Plaintiff's Motion to Seal Pursuant to L. Civ. R. 5.3 (the "Motion"), wherein Plaintiff Red Sense LLC (RedSense) seeks to seal the unredacted Reply Memorandum to Motion for Preliminary Injunction (ECF No. 37); the unredacted Declaration of David Montanaro in Support of Reply Memorandum to Motion for Preliminary Injunction (ECF No. 37); the unredacted Exhibit B to the Declaration of David Montanaro in Support of Reply Memorandum to Motion for Preliminary Injunction (ECF No. 37); and the unredacted Declaration of Andrea Surratt in Support of Reply Memorandum to Motion for Preliminary Injunction (ECF No. 37) (together, Plaintiff's "Unredacted Material"). Upon consideration of the Motion and the parties' submissions in the record, the Court hereby makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On August 25, 2025 Plaintiff filed the Motion pursuant to L. Civ. R. 5.3 seeking to seal the Unredacted Material.

2. The Declaration of David Montanaro in Support of the Consolidated Motion to Seal and the accompanying Appendix (together, "Montanaro Decl.") sets forth the materials that Plaintiff wishes to seal, namely (1) the names of RedSense customers, (2) an email from a customer, and (3) information related to the FBI investigation of Michael Zeiger (Plaintiff's "Confidential Information").

3. There is good reason to believe that Plaintiff has a legitimate interest in maintaining the confidentiality of and preventing public disclosure of the Confidential Information, and that Plaintiff and its customers derive value from the secrecy of the Confidential Information. Montanaro Decl. ¶¶ 7, 13.

4. There is good reason to believe that clearly defined and serious injuries would result if Plaintiff's Confidential Information were to be publicly disclosed in the present proceedings. Plaintiff asserts that it does not share its Confidential Information to uphold its obligations of strict confidentiality to its customers. Montanaro Decl. ¶¶ 9, 12, 16. Therefore, there is good reason to believe that if Plaintiff's competitors in the cybersecurity industry were aware of Plaintiff's Confidential Information, including the details of its client contracts, Plaintiff would lose the value of its significant investments into client development and

threat intelligence — and thus, its competitive advantage in the industry. Montanaro Decl. ¶ 12. Further, there is good reason to believe that if bad actors had access to Plaintiff's Confidential Information, they could potentially use the information to circumvent further threat detection and tailor their attacks on Plaintiff's clientele, injuring not just the security provider, but also those revealed to have contracted for Plaintiff's services. Montanaro Decl. ¶ 10.

5.   Plaintiff seeks to seal information related to the FBI investigation of Michael Zeiger, one of the declarants offered in support of Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 22) because this information may be subject to an ongoing investigation by law enforcement.

6.   Plaintiff seeks to seal its Unredacted Material to maintain the secrecy of its Confidential Information. Redacted versions of the Reply and supporting documents (ECF No. 32) are available to the public for inspection, with individual words and phrases redacted as necessary to protect Plaintiff's Confidential Information. Because Plaintiffs have filed a legible public record redacted only as necessary to maintain confidentiality, there is good reason to believe that there is no less restrictive alternative to the relief sought.

## CONCLUSIONS OF LAW

7.   There is a common law public right of access to judicial proceedings and records. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). However, the

presumption of public access is not absolute and may be rebutted. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993). This Court has the discretion to balance the factors for and against public access to judicial proceedings and records. *Id.*

8. The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus. Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). Courts have permitted documents to be sealed where the judicial record may be improperly exploited. *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). This may include where the disclosure of information harms a party's competitive standing. *Id.*

9. 18 U.S.C. § 1835, passed as part of the Economic Espionage Act of 1996 and amended by the Defend Trade Secrets Act of 2016 ("DTSA"), provides that the Court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws." 18 U.S.C. § 1835(a); *U.S. v. Hsu*, 155 F.3d 189, 197 (3d Cir. 1998). Section 1835 is "a clear indication from Congress that trade secrets are to be protected to the fullest extent" in the

course of litigation under the DTSA, and this protection helps owners of trade secrets assert their rights without fear of divulging and destroying valuable trade secret information. *Hsu*, 155 F.3d at 197.

10. The District of New Jersey has held that documents containing trade secret information warrant sealing, observing that a "well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F.Supp. 2d 653, 664 (D.N.J. 2004) (quoting *Publicker Indus., Inc.*, 733 F.2d at 1071). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *In re Gabapentin Patent Litig.*, 312 F.Supp.2d at 664.

11. The District of New Jersey has specifically found that the disclosure of a customer list constituted a "clearly defined and serious harm" that warranted sealing under Rule 5.3 to protect the moving party's "competitive standing in the marketplace." *Saturn Wireless Consulting, LLC v. Aversa*, 2018 WL 11458894 at *3 (D.N.J. 2018); *see also Pfizer Inc. v. Teva Pharmaceuticals USA, Inc.*, 2009 WL 2256484 at *1 (D.N.J. 2009) (Granting a motion to seal, among other things, customer lists and "information about existing and potential customers.").

5

12. The Third Circuit has found that, despite the presumption of access, courts may seal "sources of business information that might harm a litigant's competitive standing." *Littlejohn*, 851 F.2d at 678. Customer contracts and the pricing terms contained therein constitute a specific type of business information that the District of New Jersey has deemed protectable under L. Civ. R. 5.3. *See Fields PAG, Inc. v. CDK Global, LLC*, 2016 WL 9185293 at *3 (D.N.J. 2016) (Granting defendant's motion to seal and finding that the disclosure of non-public contract provisions would harm customer relationships and revenue, and that no legitimate public interest required the disclosure of special contract terms between private parties); *Pfizer Inc. v. Teva Pharmaceuticals USA, Inc.*, 2009 WL 2256484 at *1 (D.N.J. July 28, 2009) (sealing "information about existing and potential customers"); *Zinn v. Seruga*, 2008 WL 11510619 at *5 (D.N.J. Mar. 6, 2008) (sealing communications containing confidential commercial information, including customer data). This Court has also noted that a party should not be forced to "sacrifice its competitive negotiating position in its business." *Mars, Inc. v. JCM American Corp.*, 2007 WL 496816 at *2 (D.N.J. 2007) (granting plaintiff's motion to seal the specific terms of its private agreements).

13. The business information the Third Circuit named in *Littlejohn* similarly applies to Plaintiff's request to seal the names of its customers and the customer communications. The District of New Jersey has recognized the

importance of keeping a party's confidential "commercial, financial, budgeting, and accounting information" secret. *Pfizer*, 2009 WL 2256484 at *1. *See also Goldenberg v. Indel, Inc.*, 2012 WL 15909 at *4 (granting a motion to seal and finding that "private financial information," including specific details of a moving party's business structure, investments, and cash flow, would give competitors an unfair market advantage.).

14. RedSense also seeks to seal information regarding an FBI investigation into non-party Michael Zeiger. It is proper to seal information related to non-parties. *Jorjani v. New Jersey Inst. of Tech.*, 2022 WL 1811304, at *6 (D.N.J. June 2, 2022) (redacting information related to nonparties). Additionally, RedSense is unaware of the status or content of the FBI investigation and believes it may be ongoing. It is proper to seal information regarding ongoing law enforcement actions. *In re Samsung Consumer Data Security Breach Litigation*, 2024 WL 1468600 at *1 (D.N.J. 2024); *In re Forbes Media LLC*, 2022 WL 17369017 at *9 (W.D. Pa. 2022); *U.S. v. Sealed Search Warrants*, 1999 WL 1455215 at *7 (D.N.J. 1999).

15. Under Local Civil Rule 5.3(c)(2), a party seeking to seal a document in a proceeding in this Court must describe (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the

relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; (f) the identity of any party or nonparty known to be objecting to the sealing request; (g) the materials to which there is an objection; (h) the basis for the objection, and (i) whether the material or information was previously sealed by the Court in the pending action.

16. Having reviewed the Declaration of David Montanaro, Appendix, and the Objections of Defendant Bohuslavskiy, the Court is satisfied that Plaintiff has provided the information required by L. Civ. R. 5.3(c)(3) sufficient to show that its interest in the continued confidentiality of Plaintiff's Confidential Information outweighs presumption of public access to judicial proceedings and records.

17. Bohuslavskiy consents to the sealing of customer names.

18. Bohuslavskiy consents to the sealing of the Declaration of Andrea Surratt, but makes arguments that the declaration contains hearsay statements and should be stricken. Whether a document contains hearsay statements does not impact the Court's ability to seal the document. L. Civ. R. 5.3(c)(3). Accordingly, the Court makes no determination regarding whether certain declaration or certain statements contain therein constitute hearsay. Additionally, while Bohuslavskiy contends the declaration should be stricken, Bohuslavskiy has not properly moved this Court to strike the declaration. Accordingly, the Court makes no determination

regarding an implied or deficient motion to strike. L. Civ. R. 7.1(b)(1)("[A]ll motions, regardless of their complexity and the relief sought, shall be presented and defended in the manner set forth in L. Civ. R. 7.1").

19. Bohuslavskiy consents in part and objects in part to RedSense's request to seal Exhibit B to the Montanaro Declaration in Support of RedSense's Reply Memorandum to Motion for Preliminary Injunction. Bohuslavskiy proposes that to redact the customer names only. However, because the email is a customer communication containing information regarding a RedSense customer contract and disclosure would harm RedSense's competitive standing, the Court rejects Bohuslavskiy's proposal as a less restrictive alternative.

20. For all of the above reasons, there is good cause to grant the instant Motion.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Seal the Unredacted Material pursuant to L. Civ. R. 5.3 is GRANTED.

**IT IS SO ORDERED** this _____ day of _____, 2025.

_____
THE HONORABLE EVELYN PADIN
UNITED STATES DISTRICT JUDGE