## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RED SENSE LLC, a Wyoming limited liability company, | Case no.: **2:25-cv-12281-EP-AME** |
| *Plaintiff/Counter-defendant*, | Civil Action |
| v. | [Motion Day September 15, 2025] |
| YELISEY BOHUSLAVSKIY, *a/k/a* Elisei Boguslavskii, | **ORDER GRANTING-IN-PART ON CONSENT AND DENYING-IN-PART PLAINTIFF'S CONSOLIDATED MOTION TO SEAL PORTIONS OF REPLY SUBMISSION PURSUANT TO L. Civ. R. 5.3** |
| *Defendant/Counterclaimant.* | |
| YELISEY BOHUSLAVSKIY, | [*proposed*] |
| *Third-Party Plaintiff,* | |
| v. | |
| DAVID MONTANARO and KEVIN STEAR, | |
| *Third-Party Defendants.* | |

**THIS MATTER THIS MATTER** having been brought before the Court upon the consolidated motion (ECF No. 39) ("Motion") of Red Sense LLC ("Plaintiff" or "Red Sense") through its attorneys Crowell & Moran LLP, Preetha Chakrabarti and Rachel Elaine Hsu and Anna Z. Saber (Hsu and Saber, *pro hac* vice admissions pending) appearing; upon notice to defendant Yelisey Bohuslavskiy ("Defendant" or "Bohuslavskiy") through his attorneys, the offices of Kim, Lim & Partners, Joshua S. Lim appearing; for an Order to seal portions of the record in its reply to Defendant's opposition to Plaintiff's motion for a preliminary injunction (ECF No. 32) from public access pursuant to L. Civ. R. 5.3; and

**IT APPEARING** the parties have agreed-in-part to certain redactions, and disagreed as to the remainder; and

**THE COURT** having considered the arguments of counsel and the opposition, if any, and with due deliberation thereon, hereby renders the following findings of fact and conclusions of law.

## [PROPOSED] FINDINGS OF FACT

### Relief Sought and Disputed

1. Plaintiff filed the Motion pursuant to L. Civ. R. 5.3 on August 25, 2025 (ECF no. 39), seeking to seal certain unredacted materials, noticed as four categories:

   a. The unredacted Reply Memorandum to Motion for Preliminary Injunction (ECF No. 37);

   b. The unredacted Declaration of David Montanaro in Support of Reply Memorandum to Motion for Preliminary Injunction (ECF No. 37);

   c. The unredacted Exhibit B to the Declaration of David Montanaro in Support of Reply Memorandum to Motion for Preliminary Injunction (ECF No. 37), which comprises an electronic mail communication from a Red Sense customer dated July 1, 2025; and

   d. The unredacted Declaration of Andrea Surratt in Support of Reply Memorandum to Motion for Preliminary Injunction (ECF No. 37),

referring to an alleged prior investigation of former Red Sense LLC member/partner, nonparty Michael Zeiger. *See* Notice of Consol. Mot. to Seal Pursuant to L.Civ.R. 5.3, at 2 (ECF No. 39).

2.    The accompanying Declaration of David Montanaro in Support of Consolidated Motion to Seal Pursuant to L.Civ.R.5.3 ("Montanaro 08/25/25 Decl.") (ECF No. 39-1), upon which the Notice indicates it relies, categorizes Plaintiff's requests differently. Montanaro "seeks to seal three categories of information: (1) the names of RedSense customers, (2) an email from a customer, and (3) information related to the [redacted by Court] investigation of Michael Zeiger." *Id.* ¶ 3. The Court shall deem there to be the three (3) categories in the Montanaro 08/25/25 Decl. which is the sole support for this Motion.

3.    This is Plaintiff's second motion to seal. The first motion (ECF No. 12) relates to materials Plaintiff wishes to seal in both its Complaint (ECF No. 1) and motion for a preliminary injunction (ECF No. 7). The instant motion pertains only to portions of Plaintiff's submission in reply (ECF No. 33) to Defendant's opposition (ECF No. 22) to a preliminary injunction.

4.    Defendant consents in part to the category covered by ¶ 2(a) above (sealing client names) and ¶ 2(1) (declaration by partner of Plaintiff's counsel) as incompetent, comprising double-hearsay impugning a nonparty witness, and further demanding additional redactions of all references thereto. Defendant consents to

¶ 2(3) (alleged investigation of).

5.      Defendant opposes sealing ¶ 2(2) (customer e-mail complaining of Plaintiff with no mention of Defendant) upon which Plaintiff relies for its declarant's unsupported suspicion that Defendant instigated the customer to send it. Defendant therefore has submitted this "alternative proposed order including the party's Proposed Findings of Fact and Conclusions of Law" under L.Civ.R. 5.3(c).

## Parties

6.      Plaintiff Red Sense LLC is a limited liability company (LLC) organized and existing under the laws of the State of Wyoming. Red Sense describes itself as a company that "delivers actionable, context-rich threat intelligence to its customers." *See* Compl. ¶ 7 (ECF No. 1). Plaintiff is currently managed by third-party defendants David Montanaro ("Montanaro") and Kevin Stear ("Stear"). *See* Declaration of Defendant in Opposition to Plaintiff's Motion for Preliminary Injunction dated Aug. 4, 2025 ("Bohuslavskiy Decl."), ¶¶ 15, 46, 53-56, 60 (ECF No. 27).

7.      Defendant alleges he is a well-known and sought-after expert in the field of Cyber Threat Investigation ("CTI") and avoidance, who has linguistic fluency in Russan and Ukrainian as well as contacts in eastern Europe where many virulent cyberthreats originate. *See id.* ¶¶ 3, 5; Answer, Counterclaim, Third-Party Complaint, Separate Defenses, and Demand For Jury Trial ("ACCTPC") ¶ 191 (ECF

4

No. 23).

## Claims and Relevant Background to Motion

8.    Plaintiff's Complaint (ECF No. 1) asserts that Bohuslavskiy never fulfilled his 'in-kind' contribution to become a member/partner of Red Sense LLC, a limited liability company (LLC) organized and existing under the laws of the State of Wyoming, although we were treated as such through February 24, 2025 by the other member/partners in the mistaken belief that he had. *See generally* Compl. ¶¶ 33, 142-151. Alternatively, Plaintiff alleges Bohuslavskiy disassociated himself on that date in conjunction with his resignation from the title of chief resource officer (CRO). *Id.* ex. "B".

9.    Plaintiff's eighth and ninth counts, *id.* ¶¶ 142-166, seek declaratory relief addressed to his membership status in the LLC; Plaintiff's tenth count alleges breach of fiduciary duty in the event Bohuslavskiy is deemed a member. The remaining counts, under the Lanham Act, Defend Trade Secrets Act (DTSA), and various state-law claims are directed to alleged misdeeds, purloining alleged trade secrets, including client lists, and using same to raise doubts in Red Sense's customers' minds regarding its competence and ethics, as part of a "smear campaign" to redirect their business to himself or his company. *Id.* at 30, subheading "H".

10.    Defendant maintains he remains a member/partner of Plaintiff, with the

rights provided to members by Wyoming LLC law in the absence of an operating agreement and, hence, is not motivated to inflict financial injury upon his ownership interest in Red Sense. Defendant further maintains, however, that Plaintiff's suit places him in an impossible position, forcing a choice between preserving his career and reputation by refuting Plaintiff's accusations or his own financial interest in Red Sense, and is threading the needle as best he can in the face of what he maintains is a "freeze-out" orchestrated by the members currently in control of Red Sense: third-party defendants David Montanaro ("Montanaro") and Kevin Stear ("Stear"). *See* ACCTPC ¶ 249; Bohuslavskiy Decl. ¶¶ 39, 53-74.

11.    Bohuslavskiy generally maintains that, as in any competitive business, Red Sense has satisfied and unsatisfied customers, and the latter group's growing dissatisfaction results from his stepping down as CRO and his partners' ineptitude. *See id.* ¶¶ 40-43, 46. Defendant maintains that it was his expertise that largely drew customers to Red Sense, who are now frustrated at his absence, not any value-added by Plaintiff.

12.    Defendant further points to Plaintiff's impending insolvency prior to his resignation as discussed in a certain PowerPoint presentation, which Plaintiff sought in its earlier motion (ECF No. 12) to seal *in toto* (which Bohuslavskiy opposes, except for dollar figures presented, as an effort to present the public with only one side of the story).

13.     Other than client names and internal dollar figures, Defendant generally opposes sealing as denying the public's right to hear both sides of the controversy and being prejudicial to a meaningful defense against Plaintiff's allegations of misconduct, including theft of confidential information and mounting a "smear campaign." *See* Montanaro 7/1/25 Decl. ¶¶ 16, 19, 34 (ECF No. 7-2); Miller 7/1/25 Decl. ¶¶ 5, 14 (ECF No. 7-6). Bohuslavskiy argues Plaintiff is engaged in a smear campaign of its own against him. He asserts that sealing beyond the minimum, narrowly tailored redaction of client names to insulate them as much as possible from unwanted attentions prevents Bohuslavskiy from rehabilitating himself in the relevant market damage he is sustaining as a result.

### Wyoming Action and Motion to Abstain-in-Part and Stay

14.     On August 4, 2025, Bohuslavskiy brought a declaratory action before the District Court (Wyoming's court of general jurisdiction over $50,000), in the 1st Judicial District, Laramie County, captioned *Bohuslavskiy v. Red Sense LLC*, Case No. 2025-CV-0203503 (the "Wyoming Action"). The Wyoming Action seeks a declaration of his membership status and rights in the absence of an operating agreement, plus a relevant accounting, *see* Declaration of Counsel in Support of Defendant's Motion to Stay and Abstain-in-Part dated Aug. 18, 2025 ("Lim Certif."), ¶¶ 2, 4-5 (ECF No. 34-2), in Red Sense LLC's home district having more experience with Wyoming's law governing its own limited liability companies.

15.    On August 20, 2025, Defendant moved for an Order of abstention-in-part, asking this District to decline jurisdiction over Plaintiff's eighth through tenth causes of action brought under Wyoming law in favor of adjudication by the Wyoming courts, and to stay this action pending a settlement or non-appealable ruling in the Wyoming Action.

16.    Defendant especially opposes sealing the exculpatory material described in ¶ 1(b) above, which would preclude the public's opportunity to evaluate the parties' competing positions, and for an unduly long period of time, should this action be stayed in favor of the Wyoming Action.

## [PROPOSED] CONCLUSIONS OF LAW

### Law and Judicial Policy Favor Public Access

17.    The Court evaluates Plaintiff's request to seal the Putative Confidential Information – as well as Defendant's request to require further sealing – in light of the law and judicial policy favoring access and a litigant's burden to show cause why access should be restricted.

18.    Courts in this Circuit follow the "well-settled [proposition] that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." *Goldstein v. Forbes*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The Third Circuit deliberately "establish[ed] a strong presumption in favor of an open

process, [intending] to instill a measure of consistency into an important area where district courts have varied widely in their practice." *Id.* at 196 (footnote omitted).

19.    "The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)); *see Miller v. Indiana Hosp.,* 16 F.3d 549, 551 (3d Cir. 1994). Therefore, the burden falls on Plaintiff in this matter to overcome the "strong" presumption against denying the public's right of access.

20.    "To overcome this presumption, [Plaintiff] must demonstrate that 'good cause' exists for the protection of the material at issue. Good cause exists when a party makes a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Securimetrics, Inc. v. Iridian Techs., Inc.*, Case No. 03-cv-04394-RBK, 2006 U.S. Dist. LEXIS 22297, at *7 (D.N.J. Mar. 30, 2006) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal citations and other citations omitted)).

21.    In this District, Local Civil Rule 5.3 governs the restriction of public access under CM/ECF. Under L. Civ. R. 5.3(c)(2), a party seeking to seal a document in a proceeding in this Court must describe (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief

9

sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; (f) the identity of any party or nonparty known to be objecting to the sealing request; (g) the materials to which there is an objection; (h) the basis for the objection, and (i) whether the material or information was previously sealed by the Court in the pending action.

22.    Having reviewed Plaintiff's submissions, including the Montanaro Seal Decl. and Appendix, and Defendant's partial opposition, the Court is satisfied that Plaintiff is adequately protected by Defendant's concessions and that Plaintiff has failed to satisfy the need for further redactions which are both contrary to the strong presumption of public access to judicial proceedings and records, as well as unfairly prejudicial to Defendant's right to present his defenses and counter-narrative to the public.

### Customer Names and Fees

23.    The issue of whether customers' identities are confidential is mooted here by Defendant's concession consenting to their identities being redacted. *See* request to seal ¶ 1(a) above.

24.    The Court notes and accepts the parties' consensus that the names of Plaintiff's customers and any specific fees associated with that customer should be sealed. In light of this agreement, the Court makes no specific findings as to

the merit of this category of redaction.

**Customer's Electronic Mail Message to Plaintiff**

25.    Plaintiff seeks to seal the entirety of a certain e-mail advising payment of an outstanding invoice from Red Sense was on hold until Red Sense addressed certain alleged "performance concerns." *See* Montanaro 7/1/25 Decl. ¶ 34 (ECF No. 7-2). Defendant opposes, noting that the e-mail nowhere mentions him and, further, supports his defense that Plaintiff's alleged economic woes are of its own making, not his. (Defendant does not oppose sealing the identity of the customer.)

26.    Plaintiff asserts the e-mail was transmitted on July 1, 2025, mere days after this litigation was initiated. Plaintiff argues that the proximity of this e-mail to the commencement of this action leads *ipso facto* to the conclusion that Defendant was fomenting trouble:

> On Tuesday, July 1, 2025, RedSense received an email from [**redacted**] where [**redacted**] complains of "[**redacted**]" and what it claims is a [**redacted.**] In the same email, [**redacted**] informs RedSense that it is placing payment of the outstanding invoice on hold until RedSense resolve these "performance concerns." *The timing of this communication is suspicious*. Given that this occurred following Bohuslavskiy becoming aware of RedSense commencing litigation against Bohuslavskiy, *RedSense believes* that this Bohuslavskiy escalating his conduct in retaliation for RedSense filing a lawsuit against Bohuslavskiy.

Pla. Br. at 22 (emphasis added) (footnote omitted) (citing Montanaro 7/1/25 Decl. ¶ 34). Bohuslavskiy asserts this is sheer speculation and that what "RedSense believes" is no basis for sealing.

27.     While not clearly delineated in the Notice of Motion, Plaintiff asserts that "[t]his email discusses the fees owed under the RedSense-customer agreements and the services customers have contracted with RedSense for. RedSense considers the terms of its customer agreements, including the fees paid and services provided, to be RedSense trade secrets." *See* Montanaro 8/25/25 Decl. ¶ 12. Contrary to Plaintiff's assertion, Defendant has agreed to redacting dollar amounts from the material Plaintiff seeks to seal but does not agree to a wholesale redaction of this e-mail except for what Defendant maintains are cherry-picked quotations.

28.     The Court notes that it is Plaintiff that is proffering this document to bolster its claims that Defendant is scheming to harm it by stoking customer dissatisfaction. It is further noted that the e-mail at issue addresses only Red Sense without mentioning Bohuslavskiy or any entity associated with him.

29.     First, the Court agrees with Defendant that Plaintiff cannot have it both ways – it cannot rely on the July 1 customer email to imply Defendant's retaliatory intent while simultaneously shielding the very content from public scrutiny. Under well-settled law, a party waives any claim to confidentiality when it affirmatively places the contents of a document at issue. *See Rhone-Poulenc Rorer v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994).

30.     Second, Plaintiff has failed to demonstrate that disclosure would cause any particularized, competitive harm. The email contains no proprietary methods, pricing structures, or technical processes – it is no more than an ordinary

business complaint analogous to a "public review" already visible to competitors. Without a particularized showing of harm, sealing is unwarranted under L. Civ. R. 5.3(c)(2). Plaintiff asserts that "RedSense considers its private communications with customers to be confidential. RedSense does not disclose the contents of these communications outside of RedSense." *See* Montanaro 8/25/25 Decl. ¶ 16. Plaintiff's self-serving designation, however, does not deprive the public of its right to view and assess this customer's critique of Plaintiff and whether to attribute its dissatisfaction to Defendant's alleged meddling as Plaintiff speculates.

31.     The Court further notes that internal financial information is generally sealable. *See Skull Shaver, LLC v. Ideavillage Prods. Corp.,* Case no. 2:18-cv-03836-EP-AME, 2022 U.S. Dist. LEXIS 241278, at *4 (D.N.J. Aug. 1, 2022) ("Courts in this District have held that financial information should be sealed because disclosure could undermine the movant's market competitiveness.") (collecting cases). Here, the issue of this customer's value by dollar amount should be sealed. *See* request ¶ 1(a) above, is mooted by Defendant's concession consenting to these values being redacted.

30. Plaintiff's current application to seal is readily distinguishable from cases finding that materials documenting procedures to evaluate, investigate, and act on the results, reimburse, take corrective action for defects, warranty applications, and other similar processes to address customer complaints and rectify the source may be protected from disclosure. *See e.g., Aquino v. Subaru of Am., Inc.*, Case Nos.

1:22-cv-00990, 1:18-cv-16118-JHR-AMD, 2024 U.S. Dist. LEXIS 174305, at *8-9 (D.N.J. Sep. 26, 2024) (sealing "proprietary information relating to Subaru's internal warranty reimbursement practices and the details related to its internal procedures for addressing customer complaints. . . . Not only do such presentations detail Subaru's internal procedures for investigating a customer's complaint and for relaying such information throughout the company, but it includes the methods and evaluation processes for determining whether a customer has a valid claim or there is a defect in the vehicle by comparing the same to Subaru design specifications.").

32.    There is no comparable information sought to be protected in this action, Plaintiff relies upon customer complaints and responses to ground its inferences of misconduct against Defendant, versus using the information in confidence to enhance the competitiveness of products or services. Therefore, sealing the contents of those complaints would deprive Defendant of public access to refute Plaintiff's allegations and rehabilitate his reputation.

33.    Bare customer complaints in this action are akin to online reviews or star ratings and are useful to the relevant public in decision-making regarding providers or potential providers of services such as Plaintiff's, weighing against restrictions on public access. As such, Plaintiff's request to seal this e-mail will be denied except for the customer's identity and financial terms, by consent of the parties.

34.    The Court finds that it is commonplace for companies and individuals to deem their internal communications to be "confidential" while having to open them to public scrutiny during the course of litigation. Accordingly, Plaintiff's request to seal the e-mail in question will be denied, except only for the customer's identity and any specific dollar amount noted therein, with the consent of Defendant.

### Declaration by Crowell partner Andrea Surratt, Esq.

35.    Plaintiff seeks to seal the entire Surratt Decl. as well as certain references thereto in its reply brief and reply Declaration of its current managing member Montanaro. The gist of Ms. Surratt's declaration pursuant to 28 U.S.C. § 1746 regards an alleged investigation into Plaintiff's former and founding member, nonparty Michael Zeiger ("Zeiger"), which Plaintiff unabashedly asserts concerns "serious federal crimes" in order to "fatally undermine[] the credibility of [Zeiger's] Declaration" submitted in opposition to a preliminary injunction. *See* Montanaro 8/11/25 Decl. ¶ 27 (ECF No. 32-1).

36.    Defendant not only objects but urges that additional references to the Surratt Decl. be sealed as well, arguing that Ms. Surratt's "statements of fact [are not] within the personal knowledge of the signatory[,]" L. Civ. R. 7.2(a), and comprise double hearsay and argument. Moreover, Plaintiff is attempting improper impeachment of Zeigler in a manner prohibited by Rules 607 and 609 of the Federal Rules of Evidence and against which a nonparty his little recourse.

37.    "A witness may testify to a matter only if evidence is introduced

sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Plaintiff has not met this requirement to establish what basis exists for Ms. Surratt's statements regarding what transpired during events at which she does not aver she was present and, therefore, comprise inadmissible hearsay, *see* Fed. R. Evid. 802, and are not within any enumerated exception in Fed. R. Evid. 803(1)-(23).

38.    Ms. Surratt indicates personal knowledge for her Declaration derives from conversations with unidentified declarants. *See* Surratt Decl. ¶ 1. As such, it appears to be double hearsay, with no apparent Rule 803 exception for the internal information. *See* Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.").

39.    Defendant thus maintains, and the Court agrees, that Ms. Surratt is incompetent to testify to these matters asserted for their purported truth. Defendant recognizes that Plaintiff's motion is directed to *sealing* and not admissibility; however, the inadmissible material prejudices both Defendant as guilt-by-association, as well as nonparty Zeiger against whom Plaintiff makes unsubstantiated allegations and inferences of criminal conduct.

40.    Therefore, Defendant maintains sealing the Surratt Decl. is required until the offending material may be stricken; however, Defendant asserts that all references and citations thereto must be sealed as well, in Plaintiff's reply brief and

the declaration of Montanaro.

41.    The Court finds good cause to seal the Surratt Declaration and direct references thereto because they contain statements implicating alleged criminal conduct by a nonparty, Michael Zeiger, who is not before the Court and lacks the opportunity to contest these allegations. *See Pansy*, 23 F.3d at 787. Moreover, Defendant would be prejudiced by public dissemination of unsubstantiated allegations while this dispute remains pending. *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 676 (3d Cir. 2019).

42.    The Court agrees and therefore concludes that sealing only these materials – without broader redactions – constitutes a narrowly tailored remedy consistent with *Leucadia*, 998 F.2d at 167. There is simply no competent evidence before the Court that any investigation exists, which distinguishes this matter from others where, say, notification of, and investigation by, federal authorities is mandated. *See e.g.*, *In re Samsung Customer Data Sec. Breach Litig.*, Case No. 23-md-3055-CPO-EAP, 2024 U.S. Dist. LEXIS 147901, at *15, *53, *58-59 (D.N.J. July 31, 2024) (Spec. Master) (Federal Bureau of Investigation involved in data breach pursuant to 6 U.S.C. § 1504 [Sharing of cyber threat indicators and defensive measures with the Federal Government]).

## Other Considerations

43.    Finally, this Court considers the pendency of the Wyoming Action, where Plaintiff's ownership and governance disputes are the subject of overlapping

claims. Because the Wyoming court will necessarily review similar factual records, unnecessary sealing here risks fragmenting access and producing inconsistent evidentiary treatment. Publicly available filings across both forums serve judicial economy, comity, and efficient resolution.

44.    This Court therefore considers comity and efficiency as additional factors weighing against unnecessary sealing. *See Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

## Conclusions

45.    Under L. Civ. R. 5.3(c)(2), a party seeking to seal a document in a proceeding in this Court must describe (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; (f) the identity of any party or nonparty known to be objecting to the sealing request; (g) the materials to which there is an objection; (h) the basis for the objection, and (i) whether the material or information was previously sealed by the Court in the pending action.

46.    Having reviewed Plaintiff's submissions, including the Montanaro Reply Decl. and Appendix, the Surratt Decl., brief; and Defendant's Bohuslavskiy

Decl., Declaration of Michael Zeiger (ECF No. 22-8), and complaint in the Wyoming Action – and further considering Defendant's concessions in consenting to certain redactions without admission or prejudice, the Court is satisfied that Plaintiff is adequately protected by Defendant's concessions and that Plaintiff has failed to satisfy the need for further redactions which are both contrary to the strong presumption of public access to judicial proceedings and records, as well as unfairly prejudicial to Defendant's right to present his defenses and counter-narrative to the public.

47.     Transparency is particularly critical where, as here, Plaintiff's allegations have already attracted industry attention and caused reputational harm. Defendant's professional livelihood depends on refuting Plaintiff's narrative in a competitive marketplace. The Third Circuit has recognized that the public's right of access extends not only to protect broader societal interests but also to ensure fairness to the litigants themselves, especially where reputational harm is alleged. *In re Avandia Mktg.,* 924 F.3d at 676 (emphasis added). Sealing here would undoubtedly deprive Defendant of the ability to rehabilitate his standing and directly respond to allegations impacting his career.

48.     For the foregoing reasons, there is good cause to grant, in part, Plaintiff's Motion, but only as to such categories to which Defendant consents; and further to dismiss the remainder of the motion for noncompliance with the

consolidation requirement of the Local Rules. However, the Third-Party Defendants have not joined and will comprise "all parties" in due course when they appear; therefore, in the interests of judicial economy and compact prosecution of this suit, the Court will accept Plaintiff's nonconforming Motion at this time and deny the relief to which Defendant has not consented in lieu of dismissing the remainder of Plaintiff's Motion.

**NOW THEREFORE,**

**IT IS** on this _____ day of _____ **2025** hereby:

**ORDERED,** that Plaintiff's Motion is hereby GRANTED-IN-PART and DENIED-IN-PART, as follows:

1. Plaintiff may redact

   a. customer names; and

   b. dollar values associated with customers;

2. The Declaration of Andrea Surratt, Esq. is hereby sealed;

**FURTHER ORDERED** that as to Plaintiff's remaining requests in its Motion to Seal is **DENIED**; and it is still

**FURTHER ORDERED** that within _____ days of the service hereof, Plaintiff shall refile

1. The customer e-mail without redactions except for the customer's identity;

20

2.  Plaintiff shall resubmit materials with all references to the Surratt Decl. or the subject matter thereof redacted, including

    a.  Pla. Reply Br. (ECF No. 3) at 8 (from "In reality, . . . ." to the end of the paragraph); and

    b.  Montanaro Decl. (ECF No. 32-1), ¶¶ 6, 17, 18 (last sentence), 25, 26 (first sentence), 27 (second sentence);

    c.  Montanaro 8/25/25 Decl. (ECF No. 39-1), ¶¶ 3 (item 3); subheading on p. 7 & ¶¶ 17-19; Appendix (ECF No. 39-2), pp. 7-11

    d.  Plaintiff's proposed findings of fact/conclusions of law (ECF No. 39-3) ¶ 14.

in accordance with the foregoing decretal provisions of this Order.

**SO ORDERED.**

---

**THE HONORABLE ANDRE M. ESPINOSA,**
MAGISTRATE JUDGE OF THE UNITED STATES
DISTRICT COURT