Preetha Chakrabarti
Rachel Elaine Hsu (*pro hac vice*)
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 223-4000
Facsimile: (212) 223-4134
pchakrabarti@crowell.com
rhsu@crowell.com

Anna Z. Saber (*pro hac vice*)
CROWELL & MORING LLP
3 Embarcadero, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827
asaber@crowell.com

*Attorneys for Plaintiff Red Sense LLC, Third-Party Defendant David Montanaro, and Third-Party Defendant Kevin Stear*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Red Sense LLC<br><br>    Plaintiff,<br><br>v.<br><br>Yelisey Bohuslavskiy,<br>a.k.a. Elisei Boguslavskii<br><br>    Defendant.<br><br>Yelisey Bohuslavskiy,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>David Montanaro and Kevin Stear,<br><br>    Third-Party Defendants. | Civil Action No. 2:25-cv-12281<br><br>**THIRD-PARTY DEFENDANTS DAVID MONTANARO AND KEVIN STEAR'S JOINT MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS PURSUANT TO RULE 12(B)(5)** |

## I. INTRODUCTION

On August 7, 2025, in connection with an already pending litigation between Red Sense LLC ("RedSense") and Yelisey Bohuslavskiy, Bohuslavskiy filed a Third-Party Complaint against David Montanaro and Kevin Stear, both current members of RedSense. ECF No. 23. According to the Affidavit of Service filed by Bohuslavskiy on August 21, 2025, Bohuslavskiy purported to effectuate service on August 18, 2025 on Montanaro "by workplace substituted service by leaving the documents at the usual workplace of David Montanaro with Jane Doe (refused name) who is the Assistant for David Montanaro." ECF No. 35 at 1. According to the Affidavit of Service filed by Bohuslavskiy, Bohuslavskiy purported to effectuate service on August 18, 2025 on Stear by the same method: "by workplace substituted service by leaving the documents at the usual workplace of Kevin Stear with Jane Doe (refused name) who is the Assistant for Kevin Stear. ECF No. 36 at 1.

This service was insufficient. Federal Rule of Civil Procedure 4(e) authorizes four ways of serving an individual: (1) complying with state law requirements for service, (2) making personal service, (3) leaving a copy of the summons and complaint at the individual's dwelling or abode, or (4) delivering a copy of the summons and complaint at an agent authorized by appointment or by law to receive service. Bohuslavskiy did none of these. As the Affidavit of Service admits,

Bohuslavskiy's process server did not personally serve Montanaro or Stear nor did he serve Montanaro or Stear at their respective dwellings or abodes.

Service could only be proper if Bohuslavskiy comported with state law or if he served an agent authorized by law or appointed by Montanaro or Stear respectively. Bohuslavskiy fails here, too. First, New Jersey law *does not* authorize service at an individual's place of employment. Second, the Affidavit of Service makes no showing that the "Jane Doe" was authorized to accept service on behalf of either Montanaro or Stear. Montanaro does not have a personal assistant, and neither does Stear. Both Montanaro and Stear believe that Jane Doe may be a receptionist or some other staff member for the entire virtual office space.[1] Bohuslavskiy fails to meet the Rule 4 requirements.

---

[1] The Affidavit of Service states the documents were served at One Boston Place, Suite 2600, Boston, Massachusetts, 02108. This address is for Davinci, a virtual office provider. According to Davinci's website, "A virtual business address is an address your business can use without having to lease office space or be located at a physical office location. Your virtual address helps you cultivate a professional image for clients and investors. Rather than being located at your home, your business has a professional address and can even be in the heart of your industry. A virtual business address also helps keep your home address and personal information off websites and business contacts to ensure your privacy." *Benefits of a Professional Mailing Address & How They Work*, Davinci, available at https://www.davincivirtual.com/virtual-offices/professional-business-address (last visited Sept. 8, 2025).

RedSense contracts with Davinci so that it has a physical address it can use to receive *RedSense* mail. RedSense also contracts with Davinci for mail forwarding services (again, for *RedSense* mail). RedSense does not contract for any administrative services (*i.e.*, retention of administrative or secretarial staff).

## II.  ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(5), a "federal court is empowered to dismiss a case if service of process is insufficient." *Suegart v. U.S. Customs Serv.*, 180 F.R.D. 276, 278 (E.D. Pa. 1998). Rule 12(b)(5) objects to plaintiff's failure to comply with "procedural requirements for proper service set forth in or incorporated by Rule 4." *Reed v. Weeks Marine, Inc.*, 166 F. Supp. 2d 1052, 1054 (E.D. Pa. 2001). The party making the service (here, Bohuslavskiy) "has the burden of demonstrating its validity when an objection to the service is made." *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488-89 (3d Cir. 1993); *Reddy v. MedQuist, Inc.*, No. 06-4410, 2009 WL 2413673, at *2 (D.N.J. Aug. 4, 2009).

Rule 4(e), which governs service of process over individuals, states a person "may be served in a judicial district of the United States by:"

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). According to the Affidavit of Service, the process server *did not* serve Montanaro or Stear personally or at their respective dwellings or usual places of abode. Thus, the only way for service to be proper is if the process server followed state law (Fed. R. Civ. P. 4(e)(1)) or if Bohuslavskiy can demonstrate that he served agents authorized by law or appointed by Montanaro or Stear (Fed. R. Civ. P. 4(e)(2)(C))—Bohuslavskiy did neither.

### A. Serving Montanaro and Stear at RedSense's Business Address Is Not Proper.

Under New Jersey law "an individual's place of employment does not qualify as their 'usual place of abode' or dwelling required under the Rules." *Poretskin v. Chanel, Inc.*, 2024 WL 714232, at *3 (D.N.J. Jan. 29, 2024), *report and recommendation adopted*, 2024 WL 712583 (D.N.J. Feb. 21, 2024); N.J. Ct. R. 4:4-4(a)(1)); *Reddy*, 2009 WL 2413673, at *4 ("The weight of persuasive authority, including authority from this jurisdiction, concludes that delivering service to an employer's office is not delivery to an individual's dwelling place."); *Blount v. TD Bank, N.A.*, 2021 WL 2651760, at *3 (D.N.J. June 28, 2021) (leaving a summons and complaint at an individual defendant's place of employment does not constitute proper service); *Hoist v. New Jersey*, 2013 WL 5467313, at *5 (D.N.J. Sept. 30, 2013) (concluding that it is "well settled" that a defendant's place of employment "does not count as a dwelling or place of abode for purposes of service" and finding

that New Jersey law does not authorize leaving summons and complaint at defendant's place of employment as an alternative means of serving).

Quite simply, leaving the summons and complaint at the location where RedSense receives its mail and can rent meeting spaces (though neither RedSense nor Montanaro nor Stear have ever done so; *see* Montanaro Declaration ISO 12(b)(5) Motion ["Montanaro Decl."] ¶ 6; *see* Stear Declaration ISO 12(b)(5) Motion ["Stear Decl."] ¶ 6) does not constitute proper service of Montanaro or Stear.

### B. Bohuslavskiy Did Not Serve an Agent Authorized by Law or Appointed by Montanaro or Stear.

To the extent that Bohuslavskiy tries to sidestep his glaringly insufficient service by arguing that "Jane Doe," Montanaro's and Stear's purported "assistant" is authorized (by Montanaro with respect to service of Montanaro) or by Stear (with respect to service of Stear)or law (with respect to both of them) to accept service on this behalf, that misses the mark too.

"Agency appointment for purposes of service of process usually requires an 'actual appointment for the specific purpose of receiving process.'" *Nyholm v. Pryce*, 259 F.R.D. 101, 104 (D.N.J. 2009). Where there is a question as to whether an individual is authorized to accept service on behalf the defendant, the party claiming proper service (here, Bohuslavskiy) must present some evidence which establishes that the person served was actually authorized to accept service of process. *Gabros v. Shore Medical Ctr.*, 724 F. App'x 119, 122 (3d Cir. 2018). Specifically, "[s]imply

6

because an Employee A agreed to accept service on behalf of Employee B, without any evidence Employee B so authorized Employee A, does not demonstrate that Employee A was authorized to accept service." *Poretskin*, 2024 WL 714232, at *3; *see also Snyder v. Swanson*, 371 F. App'x 285, 286-87 (3d Cir. 2010) (defendant not properly served, when plaintiff served defendant's attorney, who was not authorized to accept service of process on defendant's behalf); *Laffey v. Plousis*, 2008 WL 305289, at *5 (D.N.J. Feb. 1, 2008) (service was improper where plaintiff failed to show that employee had either actual or apparent authority to accept service on behalf of certain individual defendants). Even assuming that Jane Doe is an assistant to Montanaro and Stear (she is not; *see infra*), the fact that a defendant's secretary can generally accept mail does not establish that the secretary also was defendant's agent authorized to accept service. *See Kornea v. J.S.D. Management, Inc.*, 336 F. Supp. 3d 505, 509 (E.D. Pa. 2018). Bohuslavskiy has made no showing that he has served someone authorized to accept service on Montanaro's or Stear's behalf.[2]

### i. Montanaro Did Not Authorize Jane Doe as His Agent.

---

[2] The Affidavit of Service indicates that during a prior attempt at service on August 11, 2025, the process server "spoke with the receptionist/front desk staff. They stated that authorized person to accept the documents has not yet arrived." ECF No. 35 at 2; ECF No. 36 at 2. It is not clear who the "authorized person" is referring to, but there is no reason to believe that a receptionist of a virtual office space that anyone can reserve office space would actually know who Montanaro or Stear had authorized as their respective agents.

Montanaro does not have a personal assistant. *See* Montanaro Decl. ¶ 7. He does not have a personal assistant who works at the location listed in the Affidavit of Service. *Id.*. One Boston Place, Suite 2600, Boston, Massachusetts, 02108 (the address listed in the Affidavit of Service) is the address is for Davinci, a virtual office provider, similar to a WeWork workspace. *Id.* ¶¶ 3-4. Indeed, RedSense does not even use the physical space itself; RedSense contracts with Davinci for the limited purpose of having a physical address it can use to receive *RedSense* mail; RedSense also contracts with Davinci for mail forwarding services of *RedSense* mail. *Id.* ¶ 4. RedSense does not receive any other administrative services from Davinci, nor does it contract with Davinci for the retention of secretarial staff. *Id.* ¶ 5.

But crucially, Montanaro himself does not contract with Davinci for any personal services, including expressly any secretarial services. *Id.* Montanaro does not know who the "Jane Doe" referenced in the Affidavit of Service is. *Id.* ¶ 7. Bohuslavskiy has not made any showing that this anonymous Jane Doe is Montanaro's authorized agent.

### ii. *Stear Did Not Authorize Jane Doe as His Agent.*

Stear does not have a personal assistant. *See* Stear Decl. ¶ 7. He does not have a personal assistant who works at the location listed in the Affidavit of Service. *Id.* One Boston Place, Suite 2600, Boston, Massachusetts, 02108 (the address listed in the Affidavit of Service) is the address is for Davinci, a virtual office provider,

8

similar to a WeWork workspace. *Id.* ¶¶ 3-4. Indeed, RedSense does not even use the physical space itself; RedSense contracts with Davinci for the limited purpose of having a physical address it can use to receive *RedSense* mail; RedSense also contracts with Davinci for mail forwarding services of *RedSense* mail. *Id.* ¶ 4. RedSense does not receive any other administrative services from Davinci, nor does it contract with Davinci for the retention of secretarial staff. *Id.* ¶ 5.

But crucially, Stear himself does not contract with Davinci for any personal services, including expressly any secretarial services. *Id*. Stear does not know who the "Jane Doe" referenced in the Affidavit of Service is. *Id.* ¶ 7. Bohuslavskiy has not made any showing that this anonymous Jane Doe is Stears authorized agent.

## III.  CONCLUSION

For the reasons stated herein, Montanaro and Stear request this Court dismisses Bohuslavskiy's Third Party Complaint against them for insufficient service.

Dated: September 8, 2025            CROWELL & MORING LLP

By: s/ Preetha Chakrabarti
Preetha Chakrabarti
pchakrabarti@crowell.com
Rachel Elaine Hsu (*pro hac vice*)
rhsu@crowell.com
Crowell & Moring LLP
Two Manhattan West
375 Ninth Avenue

9

        New York, NY 10001
        Telephone: (212) 223-4000
        Facsimile: (212) 223-4134

        Anna Z. Saber (*pro hac vice*)
        asaber@crowell.com
        Crowell & Moring LLP
        3 Embarcadero Center, 26th Floor
        San Francisco, CA 94111
        Telephone: (415) 986-2800
        Facsimile: (415) 986-2827

        *Attorneys for Plaintiff Red Sense LLC, Third-Party Defendant David Montanaro, and Third-Party Defendant Kevin Stear*