Preetha Chakrabarti
Rachel Elaine Hsu (*pro hac vice*)
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 223-4000
Facsimile: (212) 223-4134
pchakrabarti@crowell.com
rhsu@crowell.com

Anna Z. Saber (*pro hac vice*)
CROWELL & MORING LLP
3 Embarcadero, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827
asaber@crowell.com

*Attorneys for Plaintiff Red Sense LLC, Third-Party Defendant David Montanaro, and Third-Party Defendant Kevin Stear*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Red Sense LLC<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Yelisey Bohuslavskiy,<br>a.k.a. Elisei Boguslavskii<br><br>　　　　Defendant.<br><br>Yelisey Bohuslavskiy,<br><br>　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>David Montanaro and Kevin Stear,<br><br>　　　　Third-Party Defendants. | Civil Action No. 2:25-cv-12281<br><br>**DECLARATION OF THIRD-PARTY DEFENDANT KEVIN STEAR ISO MOTION TO DISMISS PURSUANT TO RULE 12(B)(5)** |

I, Kevin Stear, declare as follows:

1. I am the CTO of Red Sense LLC ("RedSense") and one of the members of the LLC. I make this declaration in support of Stears's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5). This declaration is based upon my personal knowledge and experience at RedSense, as well as my review of the records that RedSense maintains. If called upon to do so, I could and would testify competently as to the facts stated herein.

2. I understand that Yelisey Bohuslavskiy filed an Affidavit of Service on August 21, 2025, where he claims he properly effectuated service on me of the summons and his complaint. Specifically, he claims he served me "by workplace substituted service by leaving the documents at the usual workplace of Kevin Stear Montanaro with Jane Doe (refused name) who is the Assistant for Kevin Stear." ECF No. 36 at 1. The address that he listed on his Affidavit of Service is One Boston Place, Suite 2600, Boston, Massachusetts, 02108 (the "Boston Address").

3. This is the address for Davinci, a company that provides office services for companies, such as virtual office addresses, mail forwarding services, and the ability to rent meeting rooms.

2

4. In my capacity as CTO of RedSense, I am aware that RedSense contracts with Davinci so that it has a physical address it can use to receive RedSense mail (because RedSense is a remote company, with no physical headquarters or office space of its own). RedSense also contracts with Davinci for mail forwarding services for *RedSense* mail.

5. RedSense does not contract with Davinci for other administrative services or for the retention of any administrative or secretarial staff. RedSense also does not contract with Davinci for any services on behalf of any of its members, including me, or employees. I have not contracted with Davinci for any services in my personal capacity.

6. Although RedSense can rent Davinci meeting spaces (*i.e.*, for an in-person meeting), RedSense has never done so at the Boston Address. I also have never been to the Boston Address before.

7. From reviewing the Affidavit of Service, I understand that Bohuslavskiy claims he left the documents "with Jane Doe who is the Assistant for Kevin Stear." I do not know who this "Jane Doe" is. I do not have an assistant, and specifically I do not have an assistant who works at the Boston Address. I have not authorized anyone at Davinci to accept service on my behalf. In my capacity as CTO

3

and member of RedSense, I have not authorized Davinci to accept service on RedSense's behalf or on my behalf.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on September 8, 2025 Colorado Springs, CO, 80903.

*[signature]*

Kevin Stear
CTO and Member
Red Sense LLC