

**Preetha Chakrabarti**
PChakrabarti@crowell.com
(212) 895-4327  direct

Crowell & Moring LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
+1.212.223.4000  main
+1.212.223.4134  fax

September 10, 2025

The Honorable Evelyn Padin
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102
973-645-3730

Re: *Red Sense LLC v. Bohuslavskiy (2:25-cv-12281-EP-AME)*

Dear Judge Padin:

  I am the counsel of record for Plaintiff Red Sense LLC ("RedSense") and Third-Party Defendants David Montanaro and Kevin Stear ("Third-Party Defendants") in the above-captioned matter. Pursuant to this Court's text order of September 9, 2025 (Dkt. 45) and Section II.E.i of Your Honor's judicial preferences, Third-Party Defendants respectfully request a pre-motion conference concerning Third-Party Defendants' forthcoming motion to dismiss the Third-Party Complaint for insufficient service of process.

  Federal Rule of Civil Procedure 12(b)(5) empowers federal courts "to dismiss a case if service of process is insufficient." *Suegart v. U.S. Customs Serv.*, 180 F.R.D. 276, 278 (E.D. Pa. 1998). Here, Third-Party Plaintiff Yelisey Bohuslavskiy ("Bohuslavskiy") has failed to serve Third-Party Defendants in any way recognized by this Court. Further, the party making the service bears "the burden of demonstrating its validity when an objection to the service is made." *Grand Entertainment Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488-89 (3d Cir. 1993). Bohuslavskiy cannot make this showing.

  Service of process upon individuals is governed by Federal Rule of Civil Procedure 4(e), which offers a number of valid methods, including personal service, service to a person of suitable age and discretion at the subject's abode, service permitted by state law, or service upon an appointed agent or as authorized by law. The Third-Party Defendants were not served personally or at home. Therefore, to validly serve the Third-Party Defendants, Bohuslavskiy would have had to either serve them according to New Jersey law or serve a duly authorized agent. He did neither.

  *Service of Process at an Individual's Business Address is Improper Under New Jersey Law.* Here, Bohuslavskiy's process server left the summons and complaint with an unnamed employee at an address belonging to a coworking rental space, Davinci, where RedSense occasionally receives mail but has *never* rented an office; as Third-Party Defendants will affirm in sworn declarations, neither Montanaro nor Stear have contracted with Davinci for any services in their individual capacities. Both Montanaro and Stear are members of RedSense and concede that this is an address connected to their business. However, service at one's place of business is

not a proper method of service permitted by state law. *Poretskin v. Chanel, Inc.*, 2024 WL 714232 at *3 (D.N.J. Jan. 29, 2024).

*Jane Doe Is Not Third-Party Defendants' Agent.* The process server here certified that Jane Doe acted as an assistant to both Third-Party Defendants. However, as Third-Party Defendants will affirm in sworn declarations, neither Montanaro nor Stear has a personal assistant. Neither individual contracts with Davinci for administrative services (nor does RedSense). Neither individual has any idea who this Jane Doe could be. No RedSense employees work from this Davinci office.

Even if Jane Doe *did* work for RedSense or the Third-Party Defendants, she would not be a proper person to accept service on behalf of the Third-Party Defendants. "Agency appointment for purposes of service of process usually requires an 'actual appointment for the specific purpose of receiving process.'" *Nyholm v. Pryce*, 259 F.R.D. 101, 104 (D.N.J. 2009). Where a purported agent's authorization to accept service is called into question, the party claiming proper service must present some evidence of authorization. *Gabros v. Shore Medical Ctr.*, 724 F. App'x 119, 122 (3d Cir. 2018). The fact that Jane Doe accepted service of process is not enough to show that she was authorized to accept service. *Poretskin*, 2024 WL 714232 at *3.

As the Third Circuit has reasoned, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Stranahan Gear Co., Inc. v. NL Industries, Inc.*, 800 F.3d 53, 56 (3d Cir. 1986) (quoting *Armco, Inc. v. Penrod-Stauffer Building Sys. Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). The rules outlining acceptable service exist and are clear-cut; under these rules, Bohuslavskiy did not serve the Third-Party Defendants.

For the reasons above, Third-Party Defendants request a pre-motion conference concerning their prospective motion to dismiss for insufficient service of process.

Sincerely,
s/Preetha Chakrabarti
Preetha Chakrabarti