HENRY L. KIM*†
JOSHUA S. LIM*†
KENDAL SIM*†
SEAN S. KWAK*†
NARAE YIM*

\* Admitted in NY   † Admitted in NJ
‡ Admitted in CA & PA
§ Certified by the Supreme Court
   of New Jersey as a Civil Trial Attorney

OF COUNSEL
NICHOLAS J. DUBOIS*†
JOHN CHEN*†
CRAIG A. BORGEN*†‡§

NY Office
164-01 Northern Boulevard, 2nd Floor
Flushing, NY 11358
T: 718.539.7400   F: 877.833.2007
Reply to NJ address only



460 Bergen Boulevard, Suite 305, Palisades Park, NJ 07650

T: 201.585.7400   F: 201.585.7422

September 16, 2025

Via CM/ECF
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
ATTN: HON. EVELYN PADIN, U.S.D.J.
50 Walnut Street
Newark, New Jersey 07101

> RE:   **THIRD-PARTY'S REPLY TO REQUEST FOR PRE-MOTION CONFERENCE**
>       **RED SENSE LLC v. BOHUSLAVSKIY; CIV. NO.: 2:25-cv-12281-EP-AME**

Dear Judge Padin:

    This office represents Defendant/Third-Party Plaintiff Yelisey Bohusalvskiy ("Bohuslavskiy") in the above-captioned matter. We write in response to David Montanaro's and Kevin Stear's ("Third-Party Defendants") pre-motion letter dated September 10, 2025, ECF No. 46, in which they seek a pre-motion conference concerning their anticipated motion to dismiss the Third-Party Complaint for insufficient service of process under Rule 12(b)(5). In reply, Bohuslavskiy respectfully offers the following discussion should the Court not deem a conference necessary.

    Dismissal is not warranted here – at least, it is premature and would likely be met with a cross-motion for alterative or constructive service given the Third-Party Defendants, as executives of plaintiff Red Sense LLC, are not only aware of this action, but they are actively engaged in it by submission of declarations, and through counsel. They could not plausibly claim prejudice if time were to be extended or alternative service permitted. Bohuslavskiy has made repeated, diligent, and good faith attempts to serve Third-Party Defendants at their last known addresses, and there was nothing untoward about a professional server attempting and leaving service at what Plaintiff claimed to be its principal place of business – which we just learned is a virtual office.  In any event, we have just obtained information regarding Mr. Stear's new address and are actively working to confirm an address to effectuate personal service upon Mr. Montanaro.  Under these circumstances, the proper remedy is not dismissal, but either (i) an extension of time under Rule 4(m) (should that become necessary) or (ii) authorization of reasonable alternative means of service as permitted by the forum state by Rule 4(e)(1).

    This district has consistently recognized "the Third Circuit[']s repeated expression of '[its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (alteration in original) The extension of time provided by Rule 4(m)

| | |
|---|---|
| HON. EVELYN PADIN, U.S.D.J.<br>September 16, 2025<br>Page 2 | **KIM, LIM & PARTNERS**<br>Reply to Third-Party Defendants' Pre-Motion Request<br>*Red Sense LLC. v. Bohuslavskiy*, **2:25-cv-12281-EP-AME** |

advances this policy, noting it is warranted upon "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 610 (D.N.J. 2002). And "[a]bsent a showing of good cause, the decision whether to extend the time for service or to dismiss the complaint falls within the court's sound discretion." *Ibid.* (citing *MCI Telecomm. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir. 1995)).

Bohuslavskiy has already made multiple, diligent attempts to effectuate service—two on Montanaro and three on Stear. On August 11, 2025, a process server attempted workplace substitute service on both Montanaro and Stear at One Boston Plaza, Suite 2600 in Boston. However, the server was advised that the individual authorized to accept service was not present; then on August 18, 2025, the server returned to the same location and left the summons and complaint with Third-Party Defendants' self-identified assistant, "Jane Doe," who declined to provide her full name. ECF Nos. 35, 36. On September 12, 2025, a process server attempted personal service on Stear at his last known residence, 1155 Charles Grove in Colorado Springs. An occupant identified herself as Stear's ex-wife advised that Stear had moved out, was residing in an unknown rental property, but was in the process of relocating shortly. Meanwhile, as to Montanaro, Bohuslavskiy has initiated a skip trace to effectuate service.

Since Bohuslavskiy filed the Third-Party Complaint on August 7, 2025, ECF No. 23, the deadline for service has not yet expired. This fact strongly supports a finding of good cause for an extension. *See Barbosa v. Dana Capital Grp., Inc*., Civil Action No. 07-cv-1724, 2009 U.S. Dist. LEXIS 51992 at *8 (E.D. Pa. Mar. 31, 2009) (citing *McCurdy v. American Board of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998) (other citation omitted). An extension here would promote judicial efficiency without requiring Bohuslavskiy—who has already made multiple diligent attempts at service across different locations—to refile in order to complete proper service upon Third-Party Defendants.

Should the Court deem an extension of time unnecessary, Bohuslavskiy would respectfully request leave for alternative service, consistent with due process, such as service upon Third-Party Defendants' counsel or by electronic mail to their business e-mails as shown in exhibits filed in this action. These methods are reasonably calculated to provide notice, particularly where Bohuslavskiy has already made a "good faith effort to locate . . . [and] serve the defendant[s] under the circumstances." *Id.* at 11. *See* N.J. Ct. R.4:4-4(b), (c); *see e.g.*, *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 (GBD), at *7 (S.D.N.Y. Mar. 12, 2007) ("federal courts have approved email service of process as an appropriate means under Rule 4 in proper circumstances"); *D.R.I., Inc. v. Dennis*, U.S. Dist. LEXIS 22541, at *4 (S.D.N.Y. June 2, 2004) (approving alternative service by certified mail, publication, and electronic mail).

Your Honor's attention and courtesies in this matter are greatly appreciated.

Respectfully submitted,

Hon. Evelyn Padin, U.S.D.J.                      **Kim, Lim & Partners**
September 16, 2025                       Reply to Third-Party Defendants' Pre-Motion Request
Page 3                       *Red Sense LLC. v. Bohuslavskiy*, **2:25-cv-12281-EP-AME**

                                          Kim, Lim & Partners
                                          *Attorneys for Third-Party Plaintiff*

                               */s/*      *Joshua S. Lim*
                                          Joshua S. Lim

cc:     Preetha Chakrabarti, Esq.