Preetha Chakrabarti
Rachel Elaine Hsu (*pro hac vice*)
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 223-4000
Facsimile: (212) 223-4134
pchakrabarti@crowell.com
rhsu@crowell.com

Anna Z. Saber (*pro hac vice*)
CROWELL & MORING LLP
3 Embarcadero, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827
asaber@crowell.com

*Attorneys for Plaintiff Red Sense LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Red Sense LLC<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Yelisey Bohuslavskiy,<br>a.k.a. Elisei Boguslavskii<br><br>　　　　Defendant. | Civil Action No. 2:25-cv-12281<br><br>**REPLY IN SUPPORT OF RED SENSE LLC'S MOTION TO SEAL**<br><br>Motion Day: October 6, 2025[1] |

---

[1] Bohuslavskiy's Opposition/Alternative Proposed Order states that the Motion Day is September 15, 2025. ECF No. 40 at 1. But according to the Court's Text Order dated August 26, 2025, the Motion is set for October 6, 2025.

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................1

II.    ARGUMENT........................................................................................................3

   A.  The Court Should Disregard the Portions of Bohuslavskiy's Alternative Proposed Order That Are Irrelevant to RedSense's Motion to Seal. ...............3

      i.  The Court Should Disregard the Findings of Facts and Conclusions of Law Regarding the Wyoming Action and Bohuslavskiy's Motion to Stay ........4

      ii.  The Court Should Disregard the Findings of Fact and Conclusions of Law Regarding Evidence Admissibility.................................................................5

      iii.  The Court Should Disregard the Findings of Fact and Conclusions of Law Regarding Bohuslavskiy's Member Status and RedSense's Claims ..........7

   B.  **RedSense Satisfies the Requirements for Sealing**........................................8

      i.  RedSense Establishes a Legitimate Private or Public Interest that Warrants Sealing. ...............................................................................................................8

      ii.  RedSense Establishes the Clearly Defined Injury That Would Occur Absent Sealing. ....................................................................................................9

      iii.  There is No Less Restrictive Alternative. ...............................................11

III.   CONCLUSION ................................................................................................11

# **TABLE OF AUTHORITIES**

*Am. Bd. Internal Medicine v. Salas Rushford*, 2025 WL 957698 (D.N.J. March 31, 2025) ................................................................................................................. 8

*Constand v. Cosby*, 833 F.3d 405 (3d Cir. 2016) ....................................................... 7

*Darkins v. Continental Airlines, Inc.*, 2013 WL 3285049 (D.N.J. June 27, 2013) .. 11

*Fields PAG, Inc. v. CDK Global, LLC*, 2016 WL 9185293 (D.N.J. 2016) ................ 8

*JJD Electric, LLC v. SunPower Corp. Sys.*, 738 F.Supp.3d 569 (D.N.J. 2024) ........ 8

*Jorjani v. New Jersey Inst. of Tech.*, No. CV 18-11693 (WJM), 2022 WL 1811304 (D.N.J. June 2, 2022) ............................................................................................ 10

*Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 718 (3d Cir. 2004) ........................ 5

*Littlejohn v. BIC Corp.*, 851 F.2d 673 (3d Cir. 1988) ................................................ 8

*Pansy v. Borough of Stroudsburg*, 23 F.3d 722 (3d Cir. 1994) ................................. 8

*Pfizer Inc. v. Teva Pharmaceuticals USA, Inc.*, 2009 WL 2256484 (D.N.J. 2009) ... 8

*Zinn v. Seruga*, 2008 WL 11510619 (D.N.J. Mar. 6, 2008) ....................................... 9

## I. INTRODUCTION

Plaintiff Red Sense LLC ("RedSense"), in connection with filing its Reply Memorandum in Support of its Motion for Preliminary Injunction, and supporting papers, sought to seal sensitive information,[2] all of which falls under one of four categories: (1) the names of RedSense customers, (2) the dollar amount associated with a particular customer contract, (3) an email from a customer and the contents therein, and (4) information related to the FBI investigation of Michael Zeiger. Its request to seal was narrow, as RedSense did not seek to seal pages upon pages, or even numerous full paragraphs. And its request articulated the clear basis for sealing and the serious injury that RedSense would suffer if the relief was not granted.

Bohuslavskiy consented to Categories One, Two, and Four (and indeed, here, seeks to seal *more* than what RedSense moved to seal). Dkt. No. 40 at 3-4. The only point of disagreement is that Bohuslavskiy does not consent to the sealing of Category Three, the email from a RedSense customer.

---

[2] RedSense moved to seal: Dkt. No. 37, the unredacted Reply Memorandum to Motion for Preliminary Injunction, the unredacted Declaration of David Montanaro in Support of Reply Memorandum to Motion for Preliminary Injunction, the unredacted Exhibit B to the Declaration of David Montanaro in Support of Reply Memorandum to Motion for Preliminary Injunction, which comprises an electronic mail communication from a Red Sense customer dated July 1, 2025, and the unredacted Declaration of Andrea Surratt in Support of Reply Memorandum to Motion for Preliminary Injunction referring to a prior investigation of former Red Sense LLC member/partner, nonparty Michael Zeiger. *See* Pl.'s Motion to Seal ("MTS") at 2, Dkt. No. 39.

1

In opposition, Bohuslavskiy submits "an alternative proposed order including the party's Proposed Finding of Fact and Conclusions of Law." *Id.* at 4. While such alternative proposed order is permitted by the local rules (L. Civ. R. 5.3(c)), Bohuslavskiy's Alternative Proposed Order goes far beyond the subject matter of RedSense's Motion to Seal. For example: his Alternative Proposed Order requires the Court to make findings of fact that go to the merits of RedSense's action against Bohuslavskiy (*see* Alternative Proposed Order, ¶¶ 10, 11); it requires the Court to make determinations that equate to granting Bohuslavskiy's pending Motion to Stay (*id.* ¶¶ 14-15); and it seeks a determination on the admissibility of evidence (*id.* ¶ 36). All these are outside the purview of a motion to seal.

What remains then is Bohuslavskiy's objection to sealing the email from a RedSense customer to RedSense (Category Three). He argues that because (from his perspective) the email is "exculpatory," that it should be publicly available for the public "to evaluate the parties' competing positions." *Id.* ¶ 16. But this argument confuses the purpose of the motion to seal. A motion to seal is designed to prevent the public from accessing sensitive information. It does not prevent Bohuslavskiy from litigating his case, it does not prevent his access to the sealed information, and it does not prevent the Court from reviewing or considering the sealed information.

Additionally, his demand that the communications between RedSense and its customer be public ignores that RedSense has contractual obligations to its

2

customers that prohibit RedSense from disclosing the existence or nature of its customer relationships. Disclosure would place RedSense in breach of these contracts, or at minimum, bad standing with its customers, and has the potential of harming its customers. Beyond these obligations, public disclosure of the nature of a customer relationship—including express information regarding payment terms and the services provides—harms RedSense as well. A potential customer or competitor who has access to this confidential, competitive information would be able to use this information to undermine RedSense in the market.

Finally, RedSense rejects Bohuslavskiy's proposed "alternatives." Simply redacting the *name* of the client does nothing to protect the *content* of the communications, which RedSense seeks to seal.

## II. ARGUMENT

### A. The Court Should Disregard the Portions of Bohuslavskiy's Alternative Proposed Order That Are Irrelevant to RedSense's Motion to Seal.

Much of Bohuslavskiy's Alternative Proposed Order asks the Court to make findings of fact and conclusions of law unrelated to RedSense's Motion to Seal. Bohuslavskiy even asks the Court to strike the Declaration of Andrea Surratt as hearsay, even though Bohuslavskiy did not move the Court to strike the declaration. L. Civ. R. 7.1(b)(1) ("[A]ll motions, regardless of their complexity and the relief sought, shall be presented and defended in the manner set forth in L. Civ. R. 7.1").

For the reasons set forth herein, RedSense asks the Court to disregard the following paragraphs of Bohuslavskiy's Alternative Proposed Order: Paragraphs 8, 9, 10, 11, 12, 14, 15, 37, 38, 39, 40 43, and 44.[3]

> ### i. The Court Should Disregard the Findings of Facts and Conclusions of Law Regarding the Wyoming Action and Bohuslavskiy's Motion to Stay

Although RedSense's Motion to Seal does not relate to the currently pending Wyoming Action or Bohuslavskiy's Motion to Stay, the Alternative Proposed Order includes multiple paragraphs on this issue. *See* Alternative Proposed Order, Dkt. No. 40, ¶¶ 14, 15, 43, and 44. First, whether there is a Motion to Stay or a parallel action in another jurisdiction has no bearing as to whether *this* Court can make a determination regarding sealing materials in *this* action. Local Rule 5.3 sets forth the criteria for information to be sealed; absent from the list of considerations is whether a party is seeking to stay the case.

Second, Bohuslavskiy does not just reference the Wyoming Action; his Alternative Proposed Order asks the Court to make a *determination* regarding the merits of his Motion to Stay. *See* Alternative Proposed Order ¶ 43 ("because the Wyoming action will necessarily review similar factual records . . ."); *id.* ¶ 44 ("The

---

[3] RedSense respectfully requests the Court to enter the Proposed Order it submitted with its Motion to Seal, Dkt. No. 39-3. However, to the extent the Court considers Bohuslavskiy's Order, RedSense respectfully requests that such consideration is only of the paragraphs related to the Motion to Seal.

4

Court therefore considers comity and efficiency as additional factors weighing against unnecessary sealing"). Bohuslavskiy's Motion to Stay is pending before this Court; it is inappropriate for Bohuslavskiy to use a Motion to Seal as a means of seeking an implicit grant of his unrelated Motion to Stay.

### ii. *The Court Should Disregard the Findings of Fact and Conclusions of Law Regarding Evidence Admissibility*

Bohuslavskiy next argues that because the Declaration of Andrea Surratt is hearsay[4] that the declaration should be sealed "until the offending material may be stricken." Alternative Proposed Order ¶¶ 37-40. This misses the mark on several accounts.

First, *as Bohuslavskiy acknowledges*, "Plaintiff's motion is directed toward *sealing* not admissibility" (*id.*, emphasis in original), and L. Civ. R. 5.3 does not mandate any analysis as to the admissibility of sealed material.

Second, RedSense only submitted the Surratt Declaration to address issues relating to Zeiger's credibility, and Bohuslavskiy ignores that he (*not RedSense*) put Zeiger's credibility at issue.[5] In connection with Bohuslavskiy's Opposition to the

---

[4] Bohuslavskiy's request to strike the declaration as hearsay ignores that in the context of a motion for preliminary injunction (which is the context that RedSense submitted this declaration in) courts can *and do* rely on evidence that would otherwise be considered hearsay. *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 718 (3d Cir. 2004) (acknowledging that "[a]ffidavits and other hearsay materials are often received in preliminary injunction proceedings.").

[5] Bohuslavskiy argues that the Surratt Declaration is improper impeachment in "a manner prohibited by Rules 607 and 609 of the Federal Rules of Evidence and

5

Motion for Preliminary Injunction, Bohuslavskiy submitted the Declaration of Michael Zeiger (Dkt. No. 22-8), and cited to the Zeiger Declaration in support of his Opposition (Dkt. No 22 at 29). RedSense is permitted to submit evidence that contradicts Zeiger's narrative and refutes his credibility.

     Third, Bohuslavskiy argues that the "inadmissible material prejudices both Defendant as guilt-by-association, as well as nonparty Zeiger against whom Plaintiff makes unsubstantiated allegations and inferences of criminal conduct." Alternative Proposed Order ¶ 39. This also ignores reality. Bohuslavskiy was the one who first submitted evidence to the Court regarding the FBI investigation into Zeiger. *See* Bohuslavskiy Exhibit 2 ISO Opposition, Dkt. No. 22-3 ("**Michael Zeiger**, holder of a membership interest in the Company and its then Chief Executive Officer ("Zeiger"), on March 21, 2024, **informed the Company** via telephone that **he was the subject of a criminal investigation by the Federal Bureau of Investigations** [sic] **("FBI")** and that the FBI executed a search warrant at his residence on Colorado on Thursday, March 21, 2024") (emphasis added). Bohuslavskiy *did not* move to seal this Exhibit, and to date, this Exhibit remains on the public docket. As a matter of law, because the fact that the FBI was investigating Zeiger was publicly

---

against which a nonparty his [*sic*] little recourse." Alternative Proposed Order ¶ 15. But it is Bohuslavskiy who involved Zeiger in this dispute, and it was incumbent upon them to explain to Zeiger that providing such a declaration carries with it the risk that his credibility is called into question.

6

disclosed by Bohuslavskiy, this information (the fact of the investigation) cannot be subject to seal. *Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016) ("Public disclosure cannot be undone" because courts cannot "make what has thus become public private again").[6] Further, it is disingenuous for Bohuslavskiy to file public references to the FBI investigation and then claim that it is RedSense who prejudiced Zeiger.

### iii. The Court Should Disregard the Findings of Fact and Conclusions of Law Regarding Bohuslavskiy's Member Status and RedSense's Claims

A Motion to Seal does not adjudicate the underlying claims or defenses. Nevertheless, Bohuslavskiy includes findings of fact and conclusions of law regarding his claimed membership status, (Alternative Proposed Order ¶¶ 9-10) and the merits of RedSense's claims and his defenses. *Id*. ¶ 11 (stating that it was his expertise that drew customers to RedSense); *id.* ¶ 12 (providing what he believes is the reason for any financial harm that RedSense has suffered). But these are issues for a jury to ultimately decide—not the Court in the context of a Motion to Seal on a sparse record, without the benefit of conducting discovery and having documentary evidence or deposition testimony on this point. *See Am. Bd. Internal Medicine v.*

---

[6] RedSense seeks to seal the Surratt Declaration that includes additional, not public details about the FBI Investigation that go well beyond what Bohuslavskiy publicly discloses. That is why it is appropriate to seal the Surratt Declaration as requested by RedSense but reject Bohuslavskiy's request for additional sealing.

*Salas Rushford*, 2025 WL 957698 at *4 (D.N.J. March 31, 2025) (Reasoning that motions to seal are "collateral" and "do not involve the merits.").

### B. RedSense Satisfies the Requirements for Sealing

Bohuslavskiy does not meaningfully refute RedSense's arguments for sealing under Local Civil Rule 5.3. The purpose of sealing is to protect the confidentiality of information from *public* disclosure. *JJD Electric, LLC v. SunPower Corp. Sys.*, 738 F.Supp.3d 569, 576 (D.N.J. 2024) ("[T]he movant must prove that . . . allowing the *general public* to access the information will cause a specific and serious injury.") (emphasis added) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 722, 788 (3d Cir. 1994)). A motion to seal does not preclude Bohuslavskiy's access to the sealed materials, nor does it prevent him from submitting the same information *under seal* to the Court for consideration. In short, RedSense has satisfied the requirements for sealing.

#### i. *RedSense Establishes a Legitimate Private or Public Interest that Warrants Sealing.*

Preventing harm to competitive standing is a valid basis for sealing portions of the record. *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). Consistent with this objective, courts have granted motions to seal both customer lists and "information about existing and potential customers." *Pfizer Inc. v. Teva Pharmaceuticals USA, Inc.*, 2009 WL 2256484 at *1 (D.N.J. July 28, 2009); *see also Fields PAG, Inc. v. CDK Global, LLC*, 2016 WL 9185293 at *3 (D.N.J. 2016)

8

(granting motion to seal the non-public provisions of a contract). It follows that communications discussing the very provisions of a contract would also be subject to seal. *Zinn v. Seruga*, 2008 WL 11510619 at *5 (D.N.J. Mar. 6, 2008) (sealing communications containing confidential commercial information, including customer data).

RedSense is subject to confidentiality obligations by way of its agreements with customers. Montanaro Decl. in Supp. of MTS ("Montanaro MTS Decl.") ¶ 13, Dkt. No. 39-1. These obligations require, among other things, maintaining the confidentiality of customer communications, the terms of the agreements, and the nature of the services RedSense provides. *Id.* Bohuslavskiy ignores this, claiming that because the email supposedly supports his version of events, the email should be publicly available and RedSense cannot have it "both ways." Alternative Proposed Order ¶¶ 25-29. But even if the email supports Bohuslavskiy's position (it does not) and even if RedSense relies on such email to prove its case, does not mean that it cannot be sealed. Whether the information proves or disproves the cases is not a Rule 5.3 consideration.

### ii. *RedSense Establishes the Clearly Defined Injury That Would Occur Absent Sealing.*

"[P]arties should not have to sacrifice a competitive position within the market for the parties to effectively pursue relief." *Zinn*, 2008 WL 11510619, at *6 (granting motion to seal to protect competitive position). *Id.* Additionally, to protect

9

nonparties, Courts will also routinely seal information related to them. *Jorjani v. New Jersey Inst. of Tech.*, 2022 WL 1811304, at *6 (D.N.J. June 2, 2022).

RedSense has established that disclosure of customer information would undermine RedSense's competitive position, destroy RedSense's reputation with its customers (if RedSense publicly discloses customer information, the customer will no longer trust RedSense's ability to maintain their sensitive cybersecurity interests), and potentially expose RedSense customers to cyberthreat vulnerabilities. *See* Montanaro MTS Decl. ¶¶ 13-16. This establishes RedSense's clearly defined injury.

Bohuslavskiy ignores these harms and asks the Court to require RedSense to sacrifice its competitive position. He boldly asserts that RedSense's communications with its customers are akin to public online reviews or star ratings because the communication includes customer feedback. Alternative Proposed Order ¶¶ 30, 33. But there is a difference between private emails and public social media posts. RedSense's emails with customers "include[] a confidentiality notice in the footer," which signifies that the parties intend and expect this communication to remain confidential. Montanaro MTS Decl. ¶ 14. Such internal communications are routinely sealed. *Zinn*, 2008 WL 11510619 at *5.

As Bohuslavskiy does not meaningfully refute RedSense's arguments regarding the harm if the information is publicly disclosed, we can presume he has no arguments in opposition.

### *iii. There is No Less Restrictive Alternative.*

Bohuslavskiy proposes redacting only the customer name and not the communication's contents. While redacting is less restrictive than sealing a document in full, redaction is not a feasible alternative when the redactions would render the document meaningless or defeat the purpose of a motion to seal. *Zinn*, 2008 WL 11510619, at *6. Such is the case here.

His proposal ignores that RedSense considers the *contents* of the email to be confidential and proprietary information as well. Bohuslavskiy argues that such redaction will "insulate [the clients] as much as possible from unwanted attentions." Alternative Proposed Order ¶ 13. But the purpose of RedSense's sealing motion is not simply to protect RedSense customers from unwanted attention; the primary purpose is to prevent the *public* from having access to sensitive information. *Darkins v. Continental Airlines, Inc.*, 2013 WL 3285049 at *3 (D.N.J. June 27, 2013) (sealing requires showing of the injury that "public access will inflict"). Bohuslavskiy's proposed alternative amounts to public disclosure of the very information RedSense seeks to seal. This is not a practicable alternative.

### III. <u>CONCLUSION</u>

Bohuslavskiy has either consented to the sealing or RedSense has met the requirements for sealing. Accordingly, the Court should grant RedSense's Motion to Seal and adopt RedSense's Proposed Order.

Dated: September 29, 2025   CROWELL & MORING LLP

By: /s/ *Preetha Chakrabarti*
Preetha Chakrabarti

pchakrabarti@crowell.com
Rachel Elaine Hsu (*pro hac vice*)
rhsu@crowell.com
Crowell & Moring LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 223-4000
Facsimile: (212) 223-4134

Anna Z. Saber (*pro hac vice*)
asaber@crowell.com
Crowell & Moring LLP
3 Embarcadero, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

*Attorneys for Plaintiff Red Sense LLC*