HENRY L. KIM*†
JOSHUA S. LIM*†
KENDAL SIM*†
SEAN S. KWAK*†
NARAE YIM*
SALLY ABDULRAOUF*†

\* Admitted in NY    † Admitted in NJ
‡ Admitted in CA & PA
§ Certified by the Supreme Court
  of New Jersey as a Civil Trial Attorney

OF COUNSEL
NICHOLAS J. DUBOIS*†
JOHN CHEN*†
CRAIG A. BORGEN*†‡§

NY Office
164-01 Northern Boulevard, 2nd Floor
Flushing, NY 11358
F: 877.833.2007
Reply to NJ address only



460 Bergen Boulevard, Suite 400, Palisades Park, NJ 07650
T: 201.585.7400   F: 201.585.7422

November 5, 2025

**Via CM/ECF**
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
ATTN: HON. EVELYN PADIN, U.S.D.J.
U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      RE:    **DEFENDANT/THIRD-PARTY PLAINTIFF'S OPPOSITION TO REQUEST FOR CASE MANAGEMENT CONFERENCE**
             **RED SENSE LLC v. BOHUSLAVSKIY; CIV. NO.: 2:25-cv-12281-EP-AME**

Dear Judge Padin,

      As you are aware, this office represents Defendant and Third-Party Plaintiff, Yelisey Bohuslavskiy ("Bohuslavskiy") in the above-captioned matter. We write in opposition to Plaintiff's and Third-Party Defendants' letter dated November 4, 2025, ECF No. 58, in which they seek a case management conference concerning "scheduling and discovery issues."

      Bohuslavskiy respectfully opposes Plaintiff's and Third-Party Defendants' request for a case management conference at this time. Plaintiff and Third-Party Defendants mentioned in their letter that there are currently <u>four pending motions</u>: 1) Plaintiff's Motion for Preliminary Injunction, ECF No. 7; (2) Plaintiff's First Motion to Seal, ECF No. 12; (3) Defendant's Motion to Stay, ECF No. 34; and (3) Plaintiff's Second Motion to Seal, ECF No. 39. The Court's ruling on these motions will directly determine the scope and direction of discovery. Hence, holding a conference this early, prior to any ruling on the referenced motions, would be premature.

      Additionally, any discussion of discovery scheduling or case management issues now is premature, as the outcome of the pending motions may narrow or expand the scope of discovery, or alter the issues in dispute. Addressing scheduling or discovery before the motions are resolved risks inefficiency and may require the parties to revisit any agreement or directives once the Court issues its rulings.

      Lastly, convening at this stage would result in unnecessary costs and expenditure of judicial and party resources without any practical benefit to either party, as all parties await further clarification by the Court's rulings on the pending motions. Any meaningful discussion of discovery is contingent upon the outcome of the four pending motions.

HENRY L. KIM*†
JOSHUA S. LIM*†
KENDAL SIM*†
SEAN S. KWAK*†
NARAE YIM*
SALLY ABDULRAOUF*†
\* Admitted in NY   † Admitted in NJ
‡ Admitted in CA & PA
§ Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

**KIM, LIM & PARTNERS**
ATTORNEYS AT LAW

OF COUNSEL
NICHOLAS J. DUBOIS*†
JOHN CHEN*†
CRAIG A. BORGEN*†‡§

NY Office
164-01 Northern Boulevard, 2nd Floor
Flushing, NY 11358
F: 877.833.2007
Reply to NJ address only

460 Bergen Boulevard, Suite 400, Palisades Park, NJ 07650
T: 201.585.7400   F: 201.585.7422

For these reasons, Bohuslavskiy respectfully requests that the Court deny Plaintiff's and Third-Party Defendants' request for a case management conference at this time.

        Respectfully submitted,

        KIM, LIM & PARTNERS
        *Attorneys for Defendant*

/s/    *Joshua S. Lim*
       Joshua S. Lim

cc: Preetha Chakrabarti, Esq.