# APPENDIX A TO DECLARATION OF DAVID MONTANARO

Pursuant to L. Civ. R. 5.3(c)(3)(e), there is no prior order permanently sealing any of the materials that are the subject of this Joint Motion. The Court's prior motions to seal at ECF Nos. 12, 39, and 74 were terminated by Order of the Court dated February 5, 2026 (ECF No. 96), without prejudice to the parties' refiling as directed therein. The materials identified in this Appendix A are the same materials previously at issue in those terminated motions, as to which the RedSense Parties and Bohuslavskiy have reached agreement. Any materials already temporarily sealed pending disposition of the refiled motions directed by the Court's February 5, 2026 Order shall remain sealed pending disposition of this Joint Motion.

A. CATEGORY 1: RedSense's List of Trade Secrets

| Item No. | Document / ECF No. | Material Sought to Be Sealed | Nature of Material | Legitimate Interest / Basis for Sealing | Clearly Defined and Serious Injury | Less Restrictive Alternative | Prior Sealing Order | Opposition |
|---|---|---|---|---|---|---|---|---|
| 1 | Complaint (Redacted: ECF No. 1; Unredacted: ECF No. 3), p. 16, ¶ 26 (Bullets a-f); pp. 57-58, ¶ 110 (Bullet c) | Seven bullet points identifying RedSense's list of trade secrets | Trade secret information underlying RedSense's DTSA claim | RedSense asserts a DTSA claim and has a legitimate interest in maintaining the confidentiality of its trade secrets. RedSense derives | If publicly disclosed, the trade secrets will lose their legal protection and economic value. Competitors could replicate RedSense's services | RedSense seeks to redact only seven brief bullet points from the Complaint. The remainder of the Complaint is publicly accessible. | None | No objection. |

1

| | | | economic value from their secrecy. 18 U.S.C. § 1835(a) directs courts to enter orders preserving the confidentiality of trade secrets in DTSA proceedings. *See* Montanaro Decl. ¶¶ 5-7. | without incurring the substantial development costs RedSense has borne. Montanaro Decl. ¶ 6. | Because the Complaint must identify the trade secrets to satisfy the pleading standard, no less restrictive alternative exists. | | |

B.   **CATEGORY 2: RedSense's Customer Names**

| Item No. | Document / ECF No. | Material Sought to Be Sealed | Nature of Material | Legitimate Interest / Basis for Sealing | Clearly Defined and Serious Injury | Less Restrictive Alternative | Prior Sealing Order | Opposition |
|---|---|---|---|---|---|---|---|---|
| 2 | Complaint (Redacted: ECF No. 1; Unredacted: ECF No. 3), | Thirteen (13) customer names appearing in the Complaint | RedSense trade secrets and confidential customer | RedSense considers its customer list a trade secret. RedSense is | If competitors knew RedSense's customers, they would | Narrowest possible redaction — customer names only. | None | No objection. |

2

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | pp. 30, 33, 45-46, 49-52, 54, 56, ¶¶ 53-55, 80-82, 88-91, 93-94, 100, 103 | | relationship information | contractually obligated to maintain customer confidentiality. Disclosure of customer identities in the cybersecurity context enables targeted phishing attacks against customers. Montanaro Decl. ¶¶ 9-12. | have a roadmap of which entities to target. If threat actors learned RedSense's customers' identities, they could use that information to perpetrate phishing attacks against those customers. RedSense risks breach of its customer agreements. Montanaro Decl. ¶¶ 10-12. | Majority of Complaint remains publicly accessible. | | |
| 3 | Exhibit C to Complaint (Redacted: | Customer names in "To:" and "Dear | Same as Item 2 | Same as Item 2 | Same as Item 2 | Narrowest possible redaction — | None | No objection. |

3

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | ECF No. 1-4; Unredacted: ECF No. 3), pp. 2, 4-5, 7-8, 10-13 | [REDACTED]" fields and customer-identifying references throughout | | | | customer names only. Majority of Exhibit C remains publicly accessible. | | |
| 4 | Memorandum ISO Motion for Preliminary Injunction (Redacted: ECF No. 7-1; Unredacted: ECF No. 8), pp. 10-11, 13, 15, 21-25, 31-32 | Thirteen (13) customer name references throughout the Memorandum | Same as Item 2 | Same as Item 2 | Same as Item 2 | Narrowest possible redaction — customer names only. Majority of Memorandum remains publicly accessible. | None | No objection. |
| 5 | Declaration of David Montanaro ISO Motion for Preliminary Injunction | Customer name references throughout the Declaration | Same as Item 2 | Same as Item 2 | Same as Item 2 | Narrowest possible redaction — customer names only. Majority of Declaration | None | No objection. |

4

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | (Redacted: ECF No. 7-2; Unredacted: ECF No. 8), ¶¶ 9-10, 13, 15, 18-19, 23, 27-29, 34 | | | | | remains publicly accessible. | | |
| 6 | Exhibit B to Montanaro Declaration ISO Motion for Preliminary Injunction (Redacted: ECF No. 7-4; Unredacted: ECF No. 8), pp. 2, 4-5, 7-8, 10-13 | Customer names in "To:" and "Dear [REDACTED]" fields and customer-identifying references throughout | Same as Item 2 | Same as Item 2 | Same as Item 2 | Narrowest possible redaction — customer names only. Majority of Exhibit B remains publicly accessible. | None | No objection. |
| 7 | Declaration of Damian Miller ISO Motion for | Customer name references throughout the Declaration | Same as Item 2 | Same as Item 2 | Same as Item 2 | Narrowest possible redaction — customer | None | No objection. |

5

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Preliminary Injunction (Redacted: ECF No. 7-6; Unredacted: ECF No. 8), ¶¶ 6, 11-15 | | | | | names only. Majority of Declaration remains publicly accessible. | | |
| 8 | Reply Brief ISO Motion for Preliminary Injunction (Redacted: ECF No. 32; Unredacted: ECF No. 37), pp. 4, 6, 8-9, 11-13 | Eleven (11) customer name references, including: "identified that [REDACTED] a customer"; "identified [REDACTED] a customer that expressly"; "identified [REDACTED], a prospective customer"; "clients like [REDACTED] stopped"; "complaints, as [REDACTED] | Same as Item 2 | Same as Item 2 | Same as Item 2 | Narrowest possible redaction — customer names only. Majority of Reply Brief remains publicly accessible. | None | Defendant consents to redaction of client names to protect client privacy. |

6

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | had"; "RedSense customer [REDACTED]"; "encouraged [REDACTED] to schedule"; "Illinois-based [REDACTED] neatly"; "RedSense customer [REDACTED], as"; "communication with [REDACTED], which"; "RedSense customer [REDACTED] shared" | | | | | | |
| 9 | Declaration of David Montanaro ISO Reply (Redacted: ECF No. | Five (5) customer name references, including: "customers, [REDACTED] | Same as Item 2 | Same as Item 2 | Same as Item 2 | Narrowest possible redaction — customer names only. Majority of | None | Defendant consents to redaction of client names to |

7

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 32-1; Unredacted: ECF No. 37), ¶¶ 16-18 | raised"; "email from [REDACTED]. It did not"; "received from [REDACTED] on July 1"; "clients, [REDACTED] informed"; "with [REDACTED], be disturbed" | | | | Declaration remains publicly accessible. | | protect client privacy. |
| 10 | Opinion/Exhibit 1 to December 5, 2025 Letter from Preetha Chakrabarti (Redacted: ECF No. 64; Unredacted: ECF No. 63-1), pp. 2-3, 6-7, 10-11, 13-14, | All customer name references throughout the Opinion | Same as Item 2 | Same as Item 2 | Same as Item 2 | Narrowest possible redaction — customer names only. Majority of Opinion remains publicly accessible. | None | No objection. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 33, 37, 39-44, 47, 49 | | | | | | | |

C. **CATEGORY 3: Customer Contract Terms and Pricing Information**

| Item No. | Document / ECF No. | Material Sought to Be Sealed | Nature of Material | Legitimate Interest / Basis for Sealing | Clearly Defined and Serious Injury | Less Restrictive Alternative | Prior Sealing Order | Opposition |
|---|---|---|---|---|---|---|---|---|
| 11 | Reply Brief ISO Motion for Preliminary Injunction (Redacted: ECF No. 32; Unredacted: ECF No. 37), p. 13 | "renew its [REDACTED] annual" — annual contract subscription value | Confidential customer contract pricing information | RedSense considers customer contract pricing a trade secret. RedSense does not publicly share pricing terms and only discloses them under confidentiality protections. Montanaro Decl. ¶¶ 14-15. | Disclosure would give competitors an improper advantage by revealing RedSense's contract pricing, which could be used to undercut RedSense in the market. Montanaro Decl. ¶¶ 14-15. | Narrowest possible redaction — one financial figure only. Majority of Reply Brief remains publicly accessible. | None | No objection. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 12 | Declaration of David Montanaro ISO Reply (Redacted: ECF No. 32-1; Unredacted: ECF No. 37), ¶ 17 | "worth [REDACTED] per year" — annual dollar value of a customer contract | Same as Item 11 | Same as Item 11 | Same as Item 11 | Narrowest possible redaction — one financial figure only. Majority of Declaration remains publicly accessible. | None | No objection. |
| 13 | Exhibit B to Declaration of David Montanaro ISO Reply (Unredacted: ECF No. 37; no redacted public version filed) | Customer names and references to pricing figures throughout | Confidential customer communications containing contract terms, pricing, and service details | RedSense considers customer contract terms and pricing to be trade secrets. RedSense is contractually obligated to maintain the confidentiality of its customer communications, which bear an express confidentiality footer notice. | Disclosure may breach RedSense's customer agreements, expose information the customer considers its own confidential information, and cause reputational harm and erosion of customer trust. | Narrowest possible redaction — customer names and pricing references only. The substance of the communication, including the quoted language appearing in the public Opinion (ECF No. 64), | None | No objection. |

10

| | | | | Bohuslavskiy's challenge to the email's authenticity necessitated filing the entire chain. Montanaro Decl. ¶¶ 13-17. | Montanaro Decl. ¶¶ 15-16. | remains publicly accessible. | | |

D. **CATEGORY 4: Sensitive Financial Information**

| Item No. | Document / ECF No. | Material Sought to Be Sealed | Nature of Material | Legitimate Interest / Basis for Sealing | Clearly Defined and Serious Injury | Less Restrictive Alternative | Prior Sealing Order | Opposition |
|---|---|---|---|---|---|---|---|---|
| 14 | Opinion/Exhibit 1 to December 5, 2025 Letter from Preetha Chakrabarti (Redacted: ECF No. 64; Unredacted: ECF No. | "base is [REDACTED] *Id.* ¶ 22." and "*Id.* ¶ 22. [REDACTED] *Id.*" — confidential RedSense financial figures | Non-public financial information of RedSense | RedSense does not share its financial information publicly. As a non-public LLC, RedSense maintains its financial records as | Customers could use knowledge of RedSense's financial condition to gain leverage in contract negotiations. Competitors could use access to | Narrowest possible redaction — two discrete financial figures only. Majority of Opinion remains publicly accessible. | None | No objection. |

11

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 63-1), pp. 2-3 | | | strictly confidential. Public disclosure would allow customers to exploit this information in contract negotiations and give competitors a roadmap to compete with RedSense. Montanaro Decl. ¶ 18. | RedSense's internal financial figures to gain an unfair competitive advantage. Montanaro Decl. ¶ 18. | | | |

12