

**Preetha Chakrabarti**
PChakrabarti@crowell.com
(212) 895-4327  direct

Crowell & Moring LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
+1.212.223.4000  main
+1.212.223.4134  fax

April 8, 2026

Honorable André M Espinosa, U.S.M.J.
Martin Luther King Building
U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re: *Red Sense LLC v. Bohuslavskiy*, No. 2:25-cv-12281-EP-AME**

Dear Magistrate Judge Espinosa:

Pursuant to the Court's Pretrial Scheduling Order, Plaintiff/Counter-Defendant Red Sense LLC ("RedSense"), Third-Party Defendants David Montanaro and Kevin Stear (collectively with RedSense, the "RedSense Parties"), and Defendant/Counterclaimant/Third-Party Plaintiff Yelisey Bohuslavskiy ("Defendant"), by and through their respective counsel, respectfully submit this joint status letter in advance of the telephonic status conference scheduled for April 14, 2026 at 10:00 a.m.

## I.    BRIEF DESCRIPTION OF THE CASE

Plaintiff Red Sense LLC ("RedSense") is a Wyoming limited liability company with its principal place of business in Boston, Massachusetts that delivers actionable cyber threat intelligence to its customers. Defendant Yelisey Bohuslavskiy served as RedSense's Chief Research Officer from January 25, 2023 through February 24, 2025, when he resigned.

RedSense brings claims against Defendant for False Advertising under the Lanham Act (15 U.S.C. § 1125), Tortious Interference with Contractual Relations, Tortious Interference with Prospective Contract, Trade Secret Misappropriation under the Defend Trade Secrets Act (18 U.S.C. § 1836 et seq.), Fraud, Conversion, Unjust Enrichment, Declaratory Relief, and Breach of Fiduciary Duty. RedSense alleges that following his resignation, Defendant carried out a systematic campaign of contacting RedSense's existing and prospective customers, disparaging RedSense and its services, and soliciting those customers for his own competing threat intelligence business. RedSense further alleges that Defendant, while serving as Chief Research Officer, approved payments for work product that was either never completed or never delivered to RedSense, including approving duplicate invoices submitted through his own LLC, Affix Advisory, LLC. RedSense also alleges that at the time of Defendant's resignation, RedSense's systems were accessed using credentials assigned to Defendant's brother, Igor Dmitriev, and that existing source code was copied and the file system destroyed.

By way of Counterclaim and Third-Party Complaint, Defendant contends that he was admitted as a member and partner of RedSense on January 25, 2023, and that Plaintiff's controlling



members — Montanaro and Stear — engaged in conduct he characterizes as unlawful, oppressive, and fraudulent to remove him as a member of the LLC and misappropriate his intellectual property. Defendant seeks damages for breach of contract, breach of fiduciary duty, and wrongful exclusion, as well as injunctive and declaratory relief, and a buy-out of his membership interest pursuant to Wyoming law.

Third-Party Defendants David Montanaro and Kevin Stear have answered the Third-Party Complaint, denying Defendant's claims.

## II.   PROCEDURAL HISTORY

On June 27, 2025, RedSense filed its Complaint against Defendant in this Court. On August 7, 2025, Defendant filed his Answer, Counterclaim, Third-Party Complaint, Separate Defenses, and Demand for Jury Trial. Defendant's Counterclaim was asserted against RedSense, and his Third-Party Complaint was asserted against Third-Party Defendants David Montanaro and Kevin Stear. On December 24, 2025, Third-Party Defendants Montanaro and Stear filed their Answer to the Third-Party Complaint. Defendant has also certified that this matter is related to a parallel action pending in the First Judicial District, Laramie County, Wyoming, captioned *Bohuslavskiy v. Red Sense LLC*, No. 2025-CV-0203503. That action has been stayed.

On February 5, 2026, the Court entered a Text Order addressing the motions to seal at D.E. 12, 39, and 74, which the Court directed the Clerk of Court to terminate. The Court ordered the parties to file a fresh, joint motion to seal all agreed-upon items on or before February 27, 2026, and permitted the parties to file a separate motion addressing any disputed items on or before March 27, 2026. On February 27, 2026, the parties filed a Consolidated Motion to Seal Pursuant to L. Civ. R. 5.3, seeking to seal the unredacted versions of the parties' bond-related submissions filed at ECF Nos. 69, 72, 73, 75, 75-1, 76, 76-1, 76-2, 85, and 87. On March 27, 2026, the parties filed a Motion to Seal addressing disputed items. Those motions remain pending before the Court.

## III.   STATUS OF DISCOVERY

Fact discovery is ongoing. The parties have exchanged Rule 26(a)(1) initial disclosures. Defendant served his First Set of Interrogatories, First Set of Requests for Production of Documents, and Requests for Admission on the RedSense Parties. Plaintiff/Counter-Defendant RedSense, Third-Party Defendant Montanaro, and Third-Party Defendant Stear each served their respective written objections and responses to all outstanding discovery on March 30, 2026. RedSense also served its First Set of Interrogatories and First Set of Requests for Production on Defendant, and Defendant served his written objections and responses thereto on March 26, 2026.

With respect to document productions, Defendant has produced documents in response to Plaintiff's discovery requests. The RedSense Parties are in the process of collecting and reviewing responsive documents for production and anticipate completing their initial production shortly. No depositions have been noticed or taken to date, though the parties anticipate scheduling fact depositions in the coming months. In addition, no third-party subpoenas have been issued.

## IV.   PENDING MOTIONS

There are currently three pending motions before this Court:

**C Crowell**

- Joint Motion to Seal, filed on March 13, 2026, ECF No. 101.

- Motion to Seal, filed on March 27, 2026, by Plaintiff Red Sense LLC, and Third-Party Defendants Kevin Stear and David Montanaro, ECF No. 102.

- Motion for Leave to Withdraw Counsel, filed on April 7, 2026, filed by Defendant Yelisey Bohuslavskiy, ECF No. 103.

## V.    SETTLEMENT

The parties have had preliminary settlement discussions but have not reached a resolution. The parties are amenable to voluntary mediation or arbitration at the appropriate time and agree that meaningful settlement discussions would benefit from further progress in fact discovery.

Respectfully submitted,

| | |
|---|---|
| CROWELL & MORING LLP | KIM, LIM & PARTNERS |
| Attorney for Plaintiff & Third-Party Defendants | Attorney for Defendant |
| | |
| */s/ Preetha Chakrabarti* | */s/ Joshua S. Lim* |
| Preetha Chakrabarti | Joshua S. Lim |
| Two Manhattan West, 375 Ninth Ave | 460 Bergen Boulevard, Suite 305 |
| New York, New York 10001 | Palisades Park, New Jersey 07650 |
| Tel: 212-895-4327 | Tel: 201-585-7400 |
| Fax: 212-223-4134 | Fax: 201-585-7422 |
| PChakrabarti@crowell.com | Joshualim@klplawyers.com |

3