

**Preetha Chakrabarti**
PChakrabarti@crowell.com
(212) 895-4327  direct

Crowell & Moring LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
+1.212.223.4000  main
+1.212.223.4134  fax

July 16, 2026

The Honorable André M. Espinosa
Martin Luther King Building
U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

<u>**Via CM/ECF**</u>

Re:     ***Red Sense LLC v. Bohuslavskiy**, No. 2:25-cv-12281-EP-AME — Opposition to Defendant's Request for Stay of Motion to Amend (ECF No. 118)*

Dear Magistrate Judge André M. Espinosa:

Plaintiff/Counter-Defendant Red Sense LLC ("RedSense"), Third-Party Defendant David Montanaro ("Montanaro"), and Third-Party Defendant Kevin Stear ("Stear") (collectively, the "RedSense Parties") respectfully submit this letter in opposition to the letter application filed by counsel for Defendant/Counterclaimant/Third-Party Plaintiff Yelisey Bohuslavskiy ("Bohuslavskiy") on July 16, 2026 (ECF No. 118), requesting that the Court stay all proceedings on the RedSense Parties' Motion to Amend (ECF No. 114), including the deadline to respond thereto, pending resolution of the Motion to Withdraw (ECF No. 103). The Court should deny the request.

First, a stay of the Motion to Amend would cause undue prejudice to the RedSense Parties. This case has been pending since June 2025, and the RedSense Parties are entitled to the timely adjudication of their claims. Any further delay in the resolution of the Motion to Amend will impede the RedSense Parties' ability to move this litigation forward and will cause continued harm to their interests. *See Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 333 (D.N.J. 2019) (denying stay where case would be "in suspense for months" and plaintiffs had "a right to move forward"); *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 447-49 (D.N.J. 2014) (denying stay where delay would cause significant hardship to non-moving party). The pendency of a motion to withdraw by Bohuslavskiy's own counsel does not justify halting the progress of this case to the detriment of the opposing parties.

Second, as counsel for Bohuslavskiy acknowledges in their letter, Kim, Lim & Partners remains counsel of record for Bohuslavskiy. Unless and until the Court grants the Motion to Withdraw, counsel bears the obligation to comply with all applicable deadlines, including the July 20, 2026 deadline to oppose the Motion to Amend. The fact that Bohuslavskiy has instructed his attorneys not to act on his behalf does not relieve counsel of record of their professional obligations to this Court, nor does it entitle Bohuslavskiy to an indefinite extension of time at the expense of the RedSense Parties. Accordingly, the Court should require Bohuslavskiy, through his counsel of record, to meet the existing deadline.

**Crowell**

For the foregoing reasons, the RedSense Parties respectfully request that the Court deny Bohuslavskiy's request for a stay and direct that the existing briefing schedule on the Motion to Amend (ECF No. 114) remain in effect.

Respectfully submitted,

*/s/ Preetha Chakrabarti*
Preetha Chakrabarti

2